**STATE of Maine**

v.

**Harold GLIDDEN.**

Supreme Judicial Court of Maine.

Argued March 12, 1985.

Decided April 2, 1985.

James E. Tierney, Atty. Gen., Nicholas M. Gess (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Julio DeSanctis (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Harold Glidden appeals from a judgment entered on a jury verdict in the Superior Court, Penobscot County, convicting him of murder. 17–A M.R.S.A. § 201(1)(A). The Court denied two defense motions for mistrial during the State's closing argument. The only questions on appeal are whether one or both of the two motions should have been granted. We affirm the judgment.

Joseph Albert, Glidden's co-defendant, pleaded guilty the day before Glidden's trial began and refused to testify. Glidden had recounted his version of the events as part of his unsuccessful defense in an earlier burglary trial. *See State v. Harold Glidden,* 487 A.2d 642 (Me.1985). He then repeated it in this trial.

According to Glidden, he and Albert picked up a young woman hitchhiker and drove her to a forest road in LaGrange, Maine. Though Albert restrained the victim by himself while driving, Glidden acknowledged closing the van door thus preventing her from jumping out. When they stopped, he said, he took a walk while Albert raped her. Glidden returned and saw Albert kill her with a hammer. The principal issue at trial was whether the defendant committed the crime or was criminally liable as an accomplice.

■ Glidden contends that either of two remarks made by the prosecutor during closing argument warrants reversal. The first, he argues, improperly suggested that he had been involved in previous killings. The prosecutor had begun to describe the killers' state of mind as thrill-seeking. He compared the murder to those by serial killer Christopher Wilder who, after a well-publicized man-hunt, was captured in New Hampshire three weeks before Glidden's trial. The defense counsel promptly objected and asked for a mistrial, and then a curative instruction. The Court instructed

the jury to disregard "that line of argument" as irrelevant and an "improper illustration." Given all the circumstances, the denial of the motion for mistrial was not an abuse of discretion. The curative instruction was a sufficient remedy for any prejudice that may have resulted from the prosecutor's comment. *State v. Spearin,* 477 A.2d 1147, 1155 (Me.1984).

Glidden's second argument concerns the prosecutor's reference to a matter that the Court had previously ruled inadmissible: the victim's pregnancy. Though the court, *in limine,* had granted the defendant's request to exclude evidence of pregnancy, Glidden himself introduced it when he quoted the victim's protests to Albert. The defendant did not ask, at that time, for a jury instruction limiting the consideration of such evidence to a certain purpose. He thus waived his right to complain of the State's reference in its jury summation. *State v. McDonough,* 350 A.2d 556, 564 (Me.1976). If evidence is received without any limitation, either party may comment upon it for any purpose.

The entry is:

Judgment affirmed.

All concurring.