**STATE of Maine**

v.

**Frank P. GIFFORD.**

Supreme Judicial Court of Maine.

Argued May 23, 1991.
Decided Aug. 12, 1991.

David W. Crook, Dist. Atty., Alan Kelley (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

David P. Silk (orally), Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY *, JJ.

COLLINS, Justice.

Defendant Frank Gifford appeals two convictions for rape, 17–A M.R.S.A. § 252 (Class A) (1983) and one conviction of gross sexual misconduct, 17–A M.R.S.A. § 253 (Class A) (1983), following a jury trial in Superior Court (Somerset County, *Alexander, J.*). Defendant challenges the court's instruction to the jury on the statute of limitations, the sufficiency of the indictment, the court's failure to give a limiting instruction to the jury on the use of certain evidence and the court's admission of testimony defendant claims is hearsay. We affirm the judgments.

This case originated in District Court on March 13, 1989 with complaints charging defendant with the repeated rape of defendant's stepdaughter. The case was bound over to the Superior Court and, on July 18, 1989, defendant was indicted for two counts of rape and one count of gross sexual misconduct with someone who was

---

* Brody, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

not his spouse and who had not reached her fourteenth birthday. At the trial, the jury heard testimony from the victim concerning defendant's sexual abuse of her beginning in 1979, when she was six years old, and ending in 1988. The jury found defendant guilty on all counts.

■ On appeal, defendant first argues that the Superior Court erred in its instruction to the jury on the statute of limitations. In the original District Court complaints, defendant was charged with rape. The charge of gross sexual misconduct was added by the indictment. A complaint or an indictment must be filed within six years of an alleged rape or gross sexual misconduct or the action is barred. 17–A M.R.S.A. §§ 8(2)(A) & 8(6)(B) (1983). If the indictment charges a different crime than the complaint, the indictment marks the end of the period for the new offense. *State v. Borucki*, 505 A.2d 89, 91 (Me. 1986). Thus, the statute of limitations period for the rape charges began on March 13, 1983 and ended with the complaint on March 13, 1989; but the statute of limitations period for the gross sexual misconduct charge started on July 18, 1983 and ended with the indictment on July 18, 1989.

■ The court did not instruct the jury on the two separate statute of limitations periods, instead instructing generally that in considering whether the defendant committed the crimes, it should consider the period from *March 13, 1983* through April 11, 1987 (the victim's fourteenth birthday was April 12, 1987). This was error. The court should have instructed the jury that when considering the gross sexual misconduct charge, it could only consider the period from *July 18, 1983* to April 11, 1987.

However, not only did defendant not object at the time the instruction was given, but prior to giving the instruction, the court had a discussion with counsel about the time "window" and defendant agreed to the March 13 starting date instruction. In these circumstances, we look at the entire record to see if the court's error affected substantial rights of defendant. *State*

*v. Jacques*, 537 A.2d 587, 590 (Me.1988) (quoting *State v. Walker*, 512 A.2d 354, 355 (Me.1986)); *see State v. True*, 438 A.2d 460, 467 (Me.1981). It did not. Besides agreeing to the instruction, there was evidence on the record that defendant committed gross sexual misconduct within the proper statute of limitations period and no evidence of any gross sexual misconduct being committed between March, 1983 and July, 1983. The court's error was not obvious.

Next, defendant challenges the sufficiency of the indictment. The indictment charged defendant with three counts, each with a specific time period:

Count I, rape: "between September 1, 1983 and September 1, 1984."

Count II, gross sexual misconduct: "between September 1, 1983 and September 1, 1984."

Count III, rape: "between September 1, 1984 and September 1, 1985."

Defendant argues that because the indictment did not contain "on or about" language but specified that the acts occurred *between* specific dates it was possible defendant was convicted for activities falling outside of those times specified in the indictment and it would not protect him from double jeopardy if the State later charged him for sex crimes after September, 1985. Additionally, defendant contends, because the Count I time period ended on September 1, 1984 and the Count III time period began on September 1, 1984, it was possible the jury found defendant guilty twice for the same rape, if it occurred on September 1, 1984. Defendant did not raise this issue at trial and we are not persuaded by it on appeal.

■ Defendant misconstrues the relationship between the indictment and his right to be free of double jeopardy under the Federal and Maine Constitutions.[1] When assessing the sufficiency of an indictment:

the test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the

---

1. U.S. Const. amend. V; Me. Const. art. I, § 8.

indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise.

*State v. Charette*, 159 Me. 124, 127, 188 A.2d 898, 900 (1963). An indictment will protect a defendant against further jeopardy if, read together with the evidence presented at trial and any parol evidence, it makes clear the offense for which the defendant has been placed on trial. *State v. Wing*, 426 A.2d 1375, 1377 (Me.1981). The indictment in this case along with the evidence, rulings and instructions at trial clearly indicate that the jury considered evidence of defendant's conduct from 1983 through April 11, 1987 [2], providing defendant with a plea of former jeopardy. The indictment was not insufficient because of the specificity in the time periods.

█ Similarly, defendant's assertion that the indictment was insufficient because he may have been convicted twice for one rape is without merit. The victim testified to many sexual episodes and the court carefully instructed the jury that they were to decide three charges representing separate episodes. Looking at the entire record in the absence of an objection by defendant, the overlapping date was not an obvious error.

Defendant further challenges the court's failure to give an instruction to the jury on the limited use it could make of evidence of defendant's prior and other bad acts. In its opening statement, the State told the jury it would hear evidence that in 1980 or 1981, before the statute of limitations period when the victim was six or seven, defendant began sexually abusing her. Defendant objected, but the court permitted the opening because other bad acts can be offered to show motive, plan and opportunity. Defendant did not renew his objection when the evidence was actually offered. The State also presented evidence without

any objection of sexual abuse occurring outside Maine and attempted sexual abuse after the victim turned fourteen, as well as evidence of defendant-initiated sexual incidents involving defendant, defendant's wife and defendant's friends. The court did not give a specific limiting instruction to the jury about the use it could make of this evidence nor did defendant request one.

█ Defendant does not dispute that the evidence of prior and other bad acts was admissible. *See State v. Delong*, 505 A.2d 803, 805 (Me.1986). Instead, for the first time on appeal, defendant argues that the court's failure to give *sua sponte* a limiting instruction concerning the permitted purpose of the evidence was obvious error affecting substantial rights. We disagree. Although a limiting instruction should be given when evidence of prior and other bad acts is admitted, the failure to do so here was not obvious error.

█ Finally, defendant contends that certain permitted incriminating testimony was inadmissible. A witness for the state testified that he had visited defendant's home one night and participated in a sexual encounter with defendant and his wife in their bedroom. He testified that defendant got out of bed and left the room, and that he then heard a little girl's voice saying "Daddy, don't." [3] The witness subsequently reported his suspicions of sexual abuse to another person and the police. Defendant's objection to the admission of "Daddy don't" was overruled. He claims on appeal that this testimony was inadmissible hearsay.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted in it." M.R.Evid. 801(c). "Daddy don't" is simply not such a statement; it was not offered to prove the truth of the matter asserted in it because no matter was asserted. *See State v. Adams*, 513

---

**2.** 17–A M.R.S.A. § 14.

**3.** Later during redirect, the witness testified that when defendant left the bedroom, defendant's wife told the witness that defendant was "going

in to fuck his daughter" and "he does it all the time." The admission of these statements are not challenged on appeal.

A.2d 854, 856 (Me.1986) (not hearsay: prior consistent statements of victim offered to show timing and circumstance under which complaint made); *State v. Northup,* 318 A.2d 489, 493 (Me.1974) (not hearsay: "evidentiary value of the statements rests solely on the fact that they were said and not on the truth of their content"); *see also* Field & Murray, *Maine Evidence* § 801.3 (1987) (not hearsay: statements offered to show state of mind of listener/witness or cause of some other act by listener/witness). The court did not err in admitting the testimony; this statement was not hearsay.

The entry is:

Judgments affirmed.

All concurring.