1997 ME 96

**STATE of Maine**

v.

**Edmond CLOUTIER.**

Supreme Judicial Court of ·Maine.

Submitted on Briefs Jan. 10, 1997.
Decided May 6, 1997.

David W. Crook, District Attorney, Andrew Benson, Asst. Dist. Atty., Skowhegan, for State.

Lara M. Nomani, Perkins, Townsend, Shay & Nomani, Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Edmond Cloutier appeals from the judgments of conviction entered in the Superior Court (Somerset County, *Kravchuk, J.*) on jury verdicts finding him guilty of one count of unlawful sexual contact and four counts of gross sexual assault. On appeal he argues (1) the court erred in limiting cross-examination; (2) the evidence at trial fatally varied from the allegations in the indictment; (3) there is insufficient evidence to sustain his convictions on four of the five counts; and (4) the court erred in instructing the jury. We affirm the judgment.

[¶ 2] In March 1994 Edmond Cloutier was indicted on six counts: Count I, unlawful sexual contact pursuant to 17–A M.R.S.A. § 255(1)(C) (Class C), Counts II–V, gross sexual assault pursuant to 17–A M.R.S.A. § 253(1)(B) (Class A), and Count VI, gross sexual assault pursuant to 17–A M.R.S.A. § 253(2)(H) (Class B).[1] The charges involve

---

1. 17–A M.R.S.A. § 255 (Supp.1996) provides:

 **1.** A person *is guilty of unlawful sexual* contact if the person intentionally subjects another person to any sexual contact, and:

 . . .

 **C.** The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older. . . .

17–A M.R.S.A. § 253 (Supp.1996) provides:

 **1.** A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

 . . .

 **B.** The other person, not the actor's spouse, has not in fact attained the age of 14 years.

 **2.** A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

 . . .

Cloutier's conduct toward his daughter who was born in July 1979. At the trial the victim testified to various acts of sexual abuse committed by Cloutier when the victim was eleven through fourteen years of age. At the close of the State's case Cloutier moved for a judgment of acquittal on all counts. The court denied the motion as to Counts I–V, but granted it as to Count VI. The jury returned guilty verdicts on all five remaining counts. This appeal followed.

## I.

### Cross-examination

▮ [¶ 3] Before the trial the State filed a motion in limine requesting Cloutier be prohibited from introducing copies of two letters sent to his wife, the victim's mother. The letters were found by the victim in the summer of 1993, about six months before informing her mother of the sexual abuse. One letter contains information about the wife's dissatisfaction with her marriage, and the other describes sexual activity between her and another man. Cloutier's theory regarding the letters was as follows: The victim was a rebellious child, resisting any parental limitation of her behavior, and the letters provided her with "leverage" against her mother. After finding the letters she provided them to her father and requested that he obtain a divorce and allow her to live with her grandmother, a desire she had expressed previously. After Cloutier refused, the victim made the allegations of abuse. Cloutier also theorized that his wife was fearful the content of the letters would be disclosed in the couple's pending divorce and diminish her ability to obtain custody of their children.

[¶ 4] The court ruled preliminarily:

that the letters themselves will not be admissible, although counsel can question the witness surrounding events in connection [to them.] ... [Y]ou can ask the ... victim some questions about did you discover a letter that you thought someone had written to your mother? Yes. Did that letter upset you? Yes. Maybe she's

going to say no, I don't know what she's going to say. Did you go to your father to try to get him to take you out of the house? You know, you can do all that without admitting the letters into evidence.

Cloutier argues the court abused its discretion because the limitation imposed on the use of the contents of the letters unconstitutionally limited his ability to cross-examine his accusers regarding their potential bias and motive to fabricate the charges against him. The State argues that Cloutier was permitted to thoroughly cross-examine the witnesses regarding their potential reaction to the letters as well as about any possibility of bias, and that the court merely placed a limit on referring to the inflammatory contents of the letters. We agree.

▮ [¶ 5] The decision to admit or exclude evidence is reviewed for an abuse of discretion. *State v. Case*, 672 A.2d 586, 588 (Me.1996). When evidence is proffered by a criminal defendant, and the State argues for exclusion pursuant to M.R.Evid. 403, the defendant's constitutional right to confront and cross-examine the witness against him significantly circumscribes the court's discretion to exclude the evidence. *State v. Warren*, 661 A.2d 1108, 1110 (Me.1995) (citing *State v. Graves*, 638 A.2d 734, 737 (Me.1994), *cert. denied*, 513 U.S. 824, 115 S.Ct. 90, 130 L.Ed.2d 41 (1994)).

[¶ 6] Although the court's discretion to exclude evidence pursuant to M.R.Evid. 403 is limited in the circumstances of this case, Cloutier cannot show a link between the *contents* of the letters and any bias or motivation to lie on the part of his daughter or wife. As the court stated, "I don't see how the content of the letters moves forward that argument in any fair or probative fashion." Contrary to Cloutier's contention, the contents of the letters do not provide the "critical link" in his argument that the victim had a bias against him or a motivation to lie. First, Cloutier was permitted to question the victim about the letters and she admitted that their content led her to believe her mother was

**H.** The other person has not in fact attained the age of 18 years and the actor is a parent, ... or other similar person responsible

for the long-term care and welfare of that person....

"cheating on" her father. Second, the contents of the letters has minimal, if any, connection to her potential bias against her father. Furthermore, while Cloutier argues his wife's motivation to lie arises from her fear of losing custody of the children, the link between that fear and her dissatisfaction with the marriage or possible infidelity is not strong, i.e., admission of the contents of the letters was unnecessary to cross-examine the wife regarding her potential fear and bias.

*II.*

*Allegations in the Indictment and
the Evidence at Trial*

 [¶ 7] Cloutier argues the State failed to present any evidence that he had sexual contact with the victim during the period between September 1, 1989, and September 1, 1991, as alleged in Counts I, II, and III of the indictment.[2] He argues the victim was ten and eleven years old during the time frame alleged in the indictment, but the evidence showed sexual contact occurring only when she was six, twelve, thirteen and fourteen years old. Cloutier argues the indictment caused him to prepare a defense against charges he committed separate counts of gross sexual assault when his daughter was ten, eleven, twelve, thirteen and fourteen years of age, respectively, while the evidence presented at the trial established multiple acts committed within the same year. He argues that because the State failed to prove the elements of unlawful sexual contact and gross sexual assault at a time reasonably close to the period alleged in

Counts I–III of the indictment, there is both a material variance prejudicing his substantial rights and insufficient evidence to sustain the convictions.

*A.*

*The Indictment*

[¶ 8] The State concedes that the victim's testimony discloses the abuse occurred when she was twelve and thirteen rather than ten and eleven years of age; however, the State argues that our decision in *State v. Carmichael,* 444 A.2d 45 (Me.1982) confirms the indictment is adequate. We agree.

[¶ 9] In *Carmichael,* we stated:

> A variance between allegation and proof at trial will justify the entry of a judgment of acquittal only when the State, as a result, fails to prove the crime alleged....
>
> With respect to the date of the offense '[t]he settled rule of law is that ... proof of the commission of the offense on any day within the statute of limitations, regardless of the date alleged in the indictment is not a material variance unless it prejudices the defendant.'

*Id.* at 47–48 (alteration in original) (quoting *State v. St.Clair,* 418 A.2d 184, 187 n. 4 (Me.1980)); *see also State v. Terrio,* 442 A.2d 537, 540 (Me.1982) (same). In the instant case the State proved all the elements of the crimes charged in Counts I–V within the applicable statutes of limitation. *See* 17–A M.R.S.A. § 8(2)(A) (Supp.1996) ("A prosecution for a Class A, Class B or Class C crime must be commenced within 6 years after it is

---

2. The indictment provides in pertinent part:

 [Count I] ... THE GRAND JURY CHARGES: That between September 1, 1989 and September 1, 1990, ... Edmond Cloutier ... subject[ed] ... [the victim] ... to an unlawful sexual contact....

 . . .

 [COUNT II] ... [T]hat between September 1, 1989 and September 1, 1990, ... Edmond Cloutier did engage in a sexual act with ... [the victim] ..., and the [victim] ... being 10 years old.

 . . .

 [Count III] ... [T]hat between September 1, 1990 and September 1, 1991, ... Edmond Cloutier did engage in a sexual act with ... [the victim] ..., and the [victim] ... being 11 years old.

 . . .

 [Count IV] ... [T]hat between September 1, 1991 and September 1, 1992, ... Edmond Cloutier did engage in a sexual act with ... [the victim] ..., and the [victim] ... being 12 years old.

 . . .

 [Count V] ... [T]hat in the Fall of 1992, ... Edmond Cloutier did engage in a sexual act with ... [the victim] ..., and the [victim] ... being 13 years old.

 . . .

 [Count VI] ... [T]hat between November 25, 1993 and December 25, 1993, ... Edmond Cloutier did engage in a sexual act with ... [the victim] ..., and the [victim] ... being 14 years old....

committed. . . ."); *id.* § 8(1) ("[I]f the victim had not attained the age of 16 years at the time of the crime, prosecutions for . . . gross sexual assault . . . may be commenced at any time.") Moreover, in *Carmichael* we concluded the variance did not prejudice the defendant. We stated: "In the absence of the specificity provided by a bill of particulars a temporal variance between the allegations of the indictment and proof at trial is not fatal to [the] conviction." *Carmichael,* 444 A.2d at 48. Similarly, in light of Cloutier's failure to request a bill of particulars pursuant to M.R.Crim.P. 16(c)(1), the indictment provided him with adequate notice of the crimes charged.

## B.

### Sufficiency of the Evidence

[¶ 10] A review of the record reflects that Cloutier's contentions regarding the sufficiency of the evidence with respect to Counts I–III are without merit. At the trial the victim testified about multiple acts of sexual abuse occurring over a period of about three years. When examining the sufficiency of the evidence, we review the evidence in the light most favorable to the State to determine whether a trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Marden,* 673 A.2d 1304, 1311 (Me.1996). Viewing the evidence in such light, the jury rationally could find Cloutier committed one count of unlawful sexual contact and multiple counts of gross sexual assault.

■ [¶ 11] Cloutier also argues specifically that the proof of Count V establishes only that he had sexual contact with the victim while she was in the seventh grade, but that prior to entering the eighth grade she became fourteen years of age; thus, the evidence is ambiguous whether the victim was younger than fourteen at the time of the alleged offense. We disagree. The victim testified about a continuous pattern of sexual incidents that began about the time she was in the fifth grade and continued until she was in the eighth grade. From the evidence presented the jury rationally could find beyond a reasonable doubt that the victim was abused while she was thirteen years old.

*Marden,* 673 A.2d at 1311. Moreover, the jury need not have found the abuse occurred while she was thirteen, if the evidence did not materially vary from the indictment and the jury found the abuse occurred before the victim's fourteenth birthday. *Carmichael,* 444 A.2d at 48.

■ [¶ 12] Cloutier's remaining contention on this issue—that the variance between the evidence presented at the trial and the allegations in the indictment fail to protect him from double jeopardy—is without merit. *See State v. St.Clair,* 418 A.2d 184, 189 (Me. 1980) ("[W]hen an offense charged consists of a series of acts extending over a period of time, a conviction or acquittal for a crime based on a portion of that period will bar a prosecution covering the whole period. . . .") (citation and internal quotation omitted).

## III.

### Jury Instructions

■ [¶ 13] At the end of the trial Cloutier requested that the court instruct the jury on the proper weight that it could attach, in considering his credibility, to the favorable character evidence that he was a good father. Cloutier argues that, despite his objections, the court erred in refusing to provide such an instruction. He contends that the credibility of the victim, her mother, and himself was critical to the determination of guilt. Therefore, it cannot be said that the court's failure to inform the jury of the relevance of the evidence to witness credibility did not affect the judgment. The State argues the court did not err because Cloutier failed to request the instruction at the proper time. The State contends Cloutier should have requested the instruction be given when the evidence was offered, rather than at the end of trial, and that the court's action does not constitute reversible error because it did not prevent the jury from considering the evidence.

■ [¶ 14] On appeal we review jury instructions in their entirety to ensure they are adequate. *State v. Michaud,* 611 A.2d 61, 64 (Me.1992). Our review of the record dis-

closes the trial court's action does not amount to reversible error. We have stated:

> [W]hen evidence of the good character of an accused has been introduced, the court on request should instruct the jury as to the application of, and weight they may attach to, the evidence.... Nevertheless, the failure to instruct the jury on the proper consideration of character evidence certainly should not result in an automatic reversal. *See United States v. Baytank (Houston), Inc.,* 934 F.2d 599, 614 (5th Cir.1991) (upholding conviction despite trial court's refusal to give character instruction saying "abuse of discretion would occur only if the failure to give the instruction prevented the jury from considering the evidence.").

*State v. Mingo,* 628 A.2d 1042, 1046 (Me. 1993) (quotation omitted). In *Mingo* we concluded the trial court's failure was not reversible error because (1) the defendant was allowed to submit a great deal of favorable character evidence, (2) the defendant did not contend he was barred from arguing the character evidence to the jury in closing argument, and (3) the trial court's instructions did not restrict the jury's consideration of the evidence, but rather instructed the jury to consider all of the evidence before it. *Id.* at 1046–47. Each of these considerations is present in the instant case: (1) five witnesses testified Cloutier was a good father, including the victim and her mother; (2) the court stated on three occasions that Cloutier could argue the favorable character evidence to the jury; and (3) the court instructed the jury to determine the facts by analyzing the evidence in the case including, among other things, the testimony of witnesses, and that the jury was to determine whether reasonable doubt existed by weighing all of the evidence. In light of these circumstances the court's failure to instruct the jury did not prevent it from considering favorable character evidence. As recognized by the trial court, "the jury understands ... the case clearly presents ... a straight credibility issue between [the victim] and her father."

[¶ 15] Cloutier next argues the court committed reversible error by failing to give a limiting instruction regarding evidence of sexual misconduct not within the time period covered by the indictment.[3] Because Cloutier failed to object or otherwise preserve the alleged error, we review for obvious error affecting substantial rights. M.R.Crim.P. 52(b). Obvious error is error that is so highly prejudicial and so taints the proceedings as to virtually deprive the defendant of a fair trial. *State v. Pelletier,* 673 A.2d 1327, 1330 (Me.1996). A review of the record discloses Cloutier's contention is without merit. We have "repeatedly stated that it is not reversible error for the trial court to fail to give a limiting instruction to the jury when none was requested by the defendant." *State v. Shuman,* 622 A.2d 716, 718 (Me. 1993) (citing *State v. Dube,* 598 A.2d 742, 745 (Me.1991); *State v. Glidden,* 489 A.2d 1108, 1110 (Me.1985); and *State v. McDonough,* 350 A.2d 556, 564 (Me.1976)). Here, Cloutier did not request a limiting instruction regarding prior bad acts; indeed, he responded in the negative when asked by the court whether he requested such an instruction.

[¶ 16] Finally, Cloutier argues that the court committed reversible error by failing to inform the jury of the court's dismissal of Count VI at the close of the State's case. We disagree. In *State v. Vahlsing,* 557 A.2d 946, 950 (Me.1989) we stated, "the court was not required to inform the jury that it had granted the defendant's motion for acquittal on [two of nine perjury allegations]; it was sufficient to inform the jury simply that those matters were no longer before it for consideration." Here, although the trial court did not specifically inform the jury that Count VI was no longer before it, it did instruct the jury that only Counts I–V were presented for its consideration. We can not say such instruction is reversible error. Furthermore, informing the jury of the court's ruling on Count VI would by implication improperly inform the jury that the court had found the evidence sufficient on the remaining counts.

---

**3.** At the trial the victim testified Cloutier had touched her vagina through her underwear when she was six years of age.