1997 ME 107

**STATE of Maine**

v.

**Randy ST. PIERRE.**

Supreme Judicial Court of Maine.

Argued April 8, 1997.

Decided May 20, 1997.

Michael E. Saucier (orally), Thompson & Bowie, Portland, Jonathan C. Hull, Damariscotta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Randy St. Pierre appeals from the judgments entered in the Superior Court (Knox County, *Atwood, J.*) following a jury verdict finding him guilty on two counts of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1996).[1] St. Pierre contends that: (1) the trial court erred when it failed to correctly instruct the jury regarding one of the elements of unlawful sexual contact and denied his request for a special verdict form, (2) he was denied a fair trial, and (3) there was insufficient evidence introduced at the trial to sustain his conviction. We disagree and affirm the judgments.

I. The Jury Instructions

[¶ 2] St. Pierre contends that the trial court erred when it instructed the jury on the sexual contact element of the crime of unlawful sexual contact. The statutory definition of "sexual contact" can be met if a jury finds that the defendant engaged in the contact for one of two purposes, either: (1) for the purpose of arousing or gratifying sexual desire or (2) for the purpose of causing bodily injury or offensive physical contact. 17–A M.R.S.A. § 251(1)(D) (Supp.1996).[2] St. Pierre argues that the court failed to instruct the jury that it could find that St. Pierre had either alternative purpose in mind, but that the jury must be unanimous in choosing one purpose over the other and that the finding must be beyond a reasonable doubt. St. Pierre asserts that the alleged error deprived him of his constitutional rights under

Geoffrey A. Rushlau, District Attorney (orally), Patricia A. Mador, Asst. Dist. Atty, Rockland, for State.

---

1. 17–A M.R.S.A. § 255 (Supp.1996) provides in pertinent part:

 1. A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:
 * * * * *
 C. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older.

2. " 'Sexual contact' means any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." 17–A M.R.S.A. § 251(1)(D) (Supp.1996).

both the Maine and United States Constitutions. We find no error in the instructions.

### A. Beyond a Reasonable Doubt Requirement

[¶ 3] In all criminal prosecutions, "[t]he prosecution bears the burden of proving all elements of the offense charged, and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements." *Sullivan v. Louisiana,* 508 U.S. 275, 277–78, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182, 188 (1993) (citations omitted); *See also State v. Lunney,* 400 A.2d 759, 762–63 (Me.1979); 17–A M.R.S.A. § 32(1983). The "beyond-a-reasonable-doubt requirement" prescribed by the Due Process Clause of the United States Constitution applies in state as well as federal proceedings. *Sullivan,* 508 U.S. at 278, 113 S.Ct. at 2080–81, 124 L.Ed.2d at 188.

[¶ 4] "The adequacy and propriety of any jury instruction 'is determined by reviewing the charge in its entirety rather than in isolated extracts.'" *State v. Ashley,* 666 A.2d 103, 106 (Me.1995) (citing *State v. Sapiel,* 432 A.2d 1262, 1270 (Me.1981)). Having reviewed the court's instructions to the jury in their entirety, we conclude that the court properly instructed the jury that it must find beyond a reasonable doubt all of the facts necessary to prove each element of the offense charged.

### B. Unanimous Verdict

[¶ 5] St. Pierre contends that the court erred by failing to instruct the jury that it must find to its unanimous satisfaction one of the alternative purposes of the "sexual contact" element of the crime of unlawful sexual contact and to provide the jury with a special verdict form setting forth the alternatives. St. Pierre cites no Maine authority to support his position and we find none.

[¶ 6] We are in accord with the opinion of the United States Supreme Court as set forth in *Schad v. Arizona,* 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555. In *Schad,* the defendant was prosecuted and convicted in state court on one count of first-degree murder. The Arizona statute applicable to the

defendant's case listed a number of alternative methods of committing first-degree murder. At the trial the prosecution advanced theories of both premeditated murder and felony murder. The trial court instructed the jury that it must return a unanimous verdict of guilty or not guilty. The jury found the defendant guilty and the Arizona Supreme Court affirmed. On appeal the defendant argued that his conviction was unconstitutional because the instructions did not require the jury to agree unanimously on one of the alternative theories of first-degree murder. Addressing that issue, the Court stated:

We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone. In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

*Schad,* 501 U.S. at 631–32, 111 S.Ct. at 2497, 115 L.Ed.2d at 565 (citation omitted).

[¶ 7] In Maine, the crime of unlawful sexual contact is only one crime regardless of whether the sexual contact occurs for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact. While St. Pierre was entitled to a unanimous verdict on the charge of unlawful sexual contact, he was not entitled to a unanimous finding on the purpose for which he engaged in the sexual contact. The trial court, therefore, did not err in denying the requested instruction and denying the requested special jury verdict form.

### II. Right to Fair Trial

[¶ 8] On the day following the jury verdict, a juror returned to the court and expressed his distress over the verdict because on reflection he had doubts about the victim's testimony. The court notified the attorneys for St. Pierre and the State of its conversation with the juror. Subsequently,

St. Pierre filed a motion for acquittal pursuant to M.R.Crim.P. 29(b) and for a new trial pursuant to M.R.Crim.P. 33. The juror later testified at the hearing on St. Pierre's motion. During his testimony, the juror mentioned for the first time the possibility that extraneous prejudicial information was brought to a juror's attention prior to the jury's verdict.[3] As a result of the juror's testimony, two other jurors were asked to appear and they also testified. Declining to interview a fourth juror, the court stated that it had "no information ... from any source that any press articles may have been brought to the attention of the jury before or during the deliberations." The court later denied St. Pierre's motion for acquittal and for a new trial.

[¶ 9] St. Pierre contends that he was denied a fair trial because the trial court (1) did not permit further inquiry into the matter of extraneous judicial information before the jury panel at the time of their deliberations, (2) refused to allow defense counsel to question the jurors,[4] and (3) failed to interview an additional juror. We disagree.

■ [¶ 10] A trial court's decision whether to conduct a post-verdict voir dire is reviewed for an abuse of discretion. *Fuller v. Central Maine Power Co.*, 598 A.2d 457, 461 (Me.1991). Maine Rule of Evidence 606 governs the inquiry into jury verdicts:

> **(b) Inquiry Into Validity of Verdict or Indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether

any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received.

[¶ 11] Having reviewed the record, we conclude that the trial court did not exceed the bounds of its discretion in the manner in which it conducted the post-verdict voir dire. Further, the record reveals no evidence that any extraneous information reached the jury. St. Pierre was not denied a fair trial.

### III. Sufficiency of the Evidence

[¶ 12] St. Pierre contends that the totality of the evidence in this case is insufficient to support his convictions. St. Pierre argues that the evidence supporting his conviction was deficient because (1) the evidence concerning the purpose for the sexual contact was wholly lacking;[5] and (2) the State did not establish dates for any of the alleged incidents, even though the indictment charged three specific dates.

■ [¶ 13] When examining the sufficiency of the evidence, we review the evidence in the light most favorable to the State to determine whether a trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged. *State v. Marden*, 673 A.2d 1304, 1311 (Me.1996). The jury in the instant case was presented with testimony that St. Pierre admitted contact with the victim's genitals, that he was attracted to the victim, and that the touching was part of a testing or courtship process designed to test the victim's comfort level. Viewing the evidence in the light most favorable to the State, a jury rationally could have found beyond a reasonable doubt the purpose component of the "sexual contact" element of unlawful sexual contact, namely that St. Pierre touched the victim for the purpose of arousing or gratifying sexual desire. *See*

---

3. St. Pierre was granted a change of venue prior to trial due to extensive local news coverage of the case. The news coverage continued throughout the trial and was the source of the alleged extraneous prejudicial information before the jury.

4. The court conducted the questioning of the three jurors at the motion hearing.

5. St. Pierre does not challenge the sufficiency of the evidence on the remaining elements of unlawful sexual contact.

*State v. Taylor*, 661 A.2d 665, 668 (Me.1995) ("factfinder may infer the defendant's state of mind from his objective conduct").

[¶ 14] Further, the State was not required to prove that the alleged incidents occurred on a specific date. *See State v. Drown*, 447 A.2d 466, 469 (Me.1982) (time not element of offense charged except as necessary to establish that victim was under age at time it was committed); *State v. Terrio*, 442 A.2d 537, 540 (Me.1982) (settled rule that proof of commission of crime on any day within the statute of limitations, regardless of date alleged in indictment, not a material variance unless it prejudices the defendant). Time is not an element of unlawful sexual contact; thus, the State was under no obligation to prove that the sexual contact occurred on the specific dates listed in the indictment. Further, St. Pierre does not contend that he was prejudiced by the fact that the State did not establish specific dates for the incidents, nor does the existence of such prejudice appear affirmatively from the record.

The entry is:

Judgments affirmed.

