1998 ME 228

**STATE of Maine**

v.

**Kevin LOBOZZO.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1998.
Decided Oct. 14, 1998.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty. (orally), Portland, for State.

Paul F. Macri, Berman & Simmons (orally), Lewiston, for Defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Kevin Lobozzo appeals from judgments entered in the Superior Court (Cumberland County, *Cole, J.*) after a jury verdict finding him guilty of gross sexual assault (17–A M.R.S.A. § 253(1)(A) (Supp. 1997)), kidnapping (17–A M.R.S.A. § 301(1)(A)(3) (1983)), unlawful sexual contact (17–A M.R.S.A. § 255(1)(H) (Supp. 1997)), and assault (17–A M.R.S.A. § 207 (1983 & Supp.1997)). On appeal, defendant argues that the court erred in ruling on evidentiary issues, that the evidence was insufficient to support his convictions, and that the court erred in sentencing him. Finding no errors, we affirm the judgments.

[¶ 2] The facts presented at trial can be summarized as follows: The complaining witness, a thirty-four-year-old woman testified that on an afternoon in August 1996, she was introduced to defendant by a mutual acquaintance. They shared alcoholic beverages at an outdoor location frequented by homeless persons. As she prepared to leave with the mutual acquaintance, defendant attacked her from behind and pushed her to the ground. The mutual acquaintance presumably left the area, and defendant punched the witness in the face and dragged her several feet before ripping off items of her clothing. He then raped her numerous times over the course of approximately the next five hours.

[¶ 3] During the attack, defendant punched the witness repeatedly, pulled hair out of her head, and held her down with his hands and the weight of his body. He scraped her vagina with his fingernails and when she screamed he scraped harder. When she tried to call for help or escape, he punched her and bit her lip. At one point, defendant stood over the witness and urinated on her.

[¶ 4] As it began to get dark, in an attempt to escape, the witness pretended to befriend defendant, asking him if they could go to the store to buy beer and cigarettes. He agreed and as they walked to the store he pushed her down and raped her again. When they approached the store, the witness escaped by getting into a taxi cab. She was treated at a local hospital for serious injuries including a swollen lip and jaw, head swell-

ing, multiple cuts on her back, legs, and vagina, a large bump on her sternum, and bruises and swelling on her inner thighs and vaginal area. The attending physician testified that in his approximately sixteen years of practicing emergency medicine, the witness's injuries were the worst he had ever seen resulting from a sexual assault.

[¶ 5] At the hospital emergency room, the witness described her attacker and the location of the attack to police. The police returned to the scene of the attack and found defendant lying on the ground with the witness's bra near his head and her belongings scattered around the site. Defendant matched the description given by the witness.

[¶ 6] The jury convicted defendant on all four counts. The court sentenced defendant to concurrent sentences of forty years for gross sexual assault, forty years for kidnapping, ten years for unlawful sexual contact, and 364 days for assault. Defendant appeals the judgments of conviction and his forty year sentences.

[¶ 7] First, Lobozzo assigns as error the court's refusal to review unrelated records of psychiatric tests performed on the witness seven years before the incident in question. Evidentiary rulings are reviewed for an abuse of discretion. *See State v. Bowman*, 681 A.2d 469, 471 (Me.1996). We find no abuse of discretion in the court's ruling that the records were irrelevant due to the lapse of time between the testing and defendant's request that the court review the records.

[¶ 8] Second, defendant argues that the court erred by admitting photographs of the injuries to the witness's genitals. Because no objection was made at trial, we review the court's ruling for obvious error affecting defendant's substantial rights. *See State v. Sostre*, 625 A.2d 910, 912 (Me.1993). Generally, photographs are admissible if " 'they are true and accurate depictions of what they purport to represent, if they are relevant to some issue involved in the litigation, and if their probative value is not outweighed by any tendency they may have toward unfair prejudice.' " *State v. Condon*,

468 A.2d 1348, 1350 (Me.1983) (citations omitted). In this case, the photographs were relevant to several elements of the charges, including compulsion, restraint, and injury, and their probative value was not outweighed by any tendency to unfairly prejudice defendant. Defendant demonstrates no error in the court's admission of the photos.

[¶ 9] Third, defendant argues that the court erred by admitting evidence of his prior convictions for theft, escape, and possession of a firearm by a felon for the purpose of impeaching his testimony pursuant to M.R.Evid. 609. We review to determine whether the court abused its discretion or applied an incorrect legal standard. *See State v. Hanscome*, 459 A.2d 569, 572 (Me. 1983). Defendant's convictions were relevant to his credibility and the court did not abuse its discretion in determining that their probative value outweighed their prejudicial effect.

[¶ 10] Fourth, defendant contends that the court erred by admitting two items of evidence submitted by the prosecution, the whiskey bottle and bra found at the scene. Defendant argues that the chain of custody had not been adequately established for this evidence. We review the court's foundational findings for clear error. *See State v. Barnies*, 680 A.2d 449, 451 (Me.1996). As we have often stated, a minor break in the chain of custody may affect the weight that is assigned to evidence but does not affect its admissibility. *See State v. Johnson*, 434 A.2d 532, 537 (Me.1981). In this case, police officers testified about collecting the evidence from the crime scene, transporting the evidence to the police station, and general practices regarding the use of an evidence locker. Thus the chain of custody was sufficiently established, and we find no clear error in the court's admission of the evidence.

[¶ 11] Furthermore, contrary to defendant's contention, there was sufficient evidence to allow a jury rationally to find beyond a reasonable doubt that he committed each of the elements of gross sexual assault, kidnapping, unlawful sexual contact, and assault.

[¶ 12] Finally, defendant argues that the court erred in setting his basic sen-

tence at thirty years for the Class A offense of gross sexual assault and at twenty-five years for the Class A offense of kidnapping. The court determines a defendant's basic sentence by considering the nature and seriousness of the offense. *See State v. Hewey,* 622 A.2d 1151, 1154 (Me.1993). We review that determination de novo for misapplication of principle. *See id.* at 1155.

[¶ 13] A sentence for a Class A crime may be for any definite period not exceeding forty years. *See* 17–A M.R.S.A. § 1252(2)(A) (1983 & Supp.1997). In *State v. Lewis,* 590 A.2d 149 (Me.1991), however, we held that only the most heinous and violent crimes committed against a person warranted basic sentences in the twenty to forty year range. *Id.* at 151 (citing Comm. Amend. A to L.D. 2312, No. H–720, Statement of Fact (113th Legis.1988)); *see also State v. King,* 1998 ME 60, ¶ 13, 708 A.2d 1014, 1018. The upper range is appropriate in sexual assaults only if a weapon or "heightened degree of violence, injury, torture, or depravity" are present. *State v. Prewara,* 687 A.2d 951, 954 (Me.1996) (citing *State v. Clark,* 591 A.2d 462, 464 (Me.1991)).

[¶ 14] In this case, although no weapon was used, the court was warranted in finding that defendant committed gross sexual assault with a heightened degree of violence, depravity, and torture, and intentionally caused serious injuries to the witness. Defendant continuously assaulted the witness over the course of several hours, raped her numerous times, threatened to kill her, pulled hair out of her head, bit her lip, and scraped her vagina with his fingernails. To effect his kidnapping of the witness, defendant threatened to kill her, used serious force against her, and injured her when she tried to escape. We find no misapplication of principle in sentencing defendant to sentences in the upper range. The court was warranted in concluding that his crimes were among the most heinous and violent crimes that could be committed against a person.

The entry is:

Judgments affirmed.