2008 ME 188

**STATE of Maine**

v.

**Ian P. STANDRING.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 2, 2008.
Decided: Dec. 16, 2008.

Neil L. Fishman, Esq., Yarmouth, ME, for Ian Standring.

Evert Fowle, District Attorney, Alan P. Kelley, Dep. Dist. Atty., Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Ian P. Standring appeals from judgments of conviction of two counts of gross sexual assault (Class A), 17–A M.R.S. § 253(1)(B), (C) (2007); one count of unlawful sexual contact (Class B), 17–A M.R.S. § 255–A(1)(E–1) (2007); and one count of sexual abuse of a minor (Class D), 17–A M.R.S. § 254(1)(A) (2007), entered in the Superior Court (Kennebec County, *Mills, J.*) upon a jury verdict finding him guilty of these charges.

[¶ 2] Standring raises three general issues on appeal. The first two do not merit lengthy discussion. Contrary to Standring's contentions, (1) the court did not err or abuse its discretion in its evidentiary rulings, its jury instructions, or its failure to declare a mistrial *sua sponte, see* M.R. Evid. 403, 412, 609; *State v. Bridges,* 2004 ME 102, ¶ 14, 854 A.2d 855, 859; *State v. Robinson,* 2002 ME 136, ¶¶ 13, 15, 803 A.2d 452, 457–58; *State v. Gray,* 2000 ME 145, ¶¶ 23–24, 755 A.2d 540, 545; *State v. Chasse,* 2000 ME 90, ¶ 12, 750 A.2d 586, 590; *State v. Lobozzo,* 1998 ME 228, ¶ 9, 719 A.2d 108, 110; and (2) we will not consider an ineffective assistance of counsel claim on direct appeal, *State v. Nichols,* 1997 ME 178, ¶ 4, 698 A.2d 521, 522.

[¶ 3] We therefore address only Standring's third contention, specifically that the trial court erred in denying his motion for judgment of acquittal of one of the gross sexual assault convictions because the evidence demonstrated that the incident could not have happened within the time range alleged in the indictment. After review of that issue, we affirm the conviction.

## I. CASE HISTORY

[¶ 4] Viewed in the light most favorable to the State, the jury rationally could have found beyond a reasonable doubt the following facts relevant to the time of the crime at issue. *See State v. Woo,* 2007 ME 151, ¶ 5, 938 A.2d 13, 14.

[¶ 5] There are two young unrelated female victims in this case. One victim was eleven years old at the time of the sex acts committed against her. The State presented evidence that Standring committed two acts of gross sexual assault on the eleven-year-old on different dates in June 2005. In a statement to the police,

Standring admitted to one act of gross sexual assault in June 2005.

[¶ 6] Standring challenges the conviction on the second gross sexual assault because the State's evidence indicated that it happened outside of the period alleged in the indictment. The indictment charged Standring with gross sexual assault on the eleven-year-old "[b]etween October 28, 2005 and December 31, 2005, on at least one occasion."

[¶ 7] At trial, after the close of the State's case, Standring moved for a judgment of acquittal on three of the counts against him, including the count alleging the gross sexual assault of the eleven-year-old "[b]etween October 28, 2005 and December 31, 2005." Regarding that charge, Standring argued:

> I'm aware that the dates are not what is controlling, but it appears that from all of the evidence that after June of 2005 there was no contact whatsoever between [the eleven-year-old] and Mr. Standring. . . .
>
> So, I would move for a motion for acquittal of Count 3 [gross sexual assault]. . . .

[¶ 8] With the State's agreement, the court granted the motion for judgment of acquittal on one of the challenged counts, but the court denied the motion as to another count and the gross sexual assault on the eleven-year-old.

[¶ 9] After the trial, the jury found Standring guilty of all four remaining charges. The court sentenced Standring to twenty-two years in prison, all but fourteen years suspended and twelve years of probation, with conditions, on the first count for gross sexual assault, 17–A M.R.S. § 253(1)(C); twelve years to be served concurrently on the other count for gross sexual assault, *id.* § 253(1)(B); eight years to be served concurrently on

the unlawful sexual contact charge, *id.* § 255–A(1)(E–1); and 364 days to be served concurrently on the sexual abuse of a minor charge, *id.* § 254(1)(A). In addition, the court directed that Standring pay a total of eighty-five dollars to the victims' compensation fund and a ten-dollar-per-month supervision fee during the period of probation.

[¶ 10] Standring appeals from the convictions.

## II. LEGAL ANALYSIS

■ [¶ 11] Standring contends that he should have been acquitted of count three of the indictment against him because it alleges conduct with the eleven-year-old between October 28 and December 31, 2005, but the evidence is undisputed that he and the girl had no contact whatsoever after June 2005. He argues that he was prejudiced by the date discrepancy because he was compelled to defend against a "phantom charge," the alleged misconduct could not have occurred "remotely within the time frame alleged," and the State could have taken proper measures to prevent prejudice by moving to amend the indictment.

■ [¶ 12] We review the denial of a motion for a judgment of acquittal by determining whether, viewing the evidence in the light most favorable to the State, a fact-finder could rationally find every element of an offense beyond a reasonable doubt. *State v. Rice*, 2007 ME 122, ¶ 22, 930 A.2d 1064, 1068–69. When a party moves for a judgment of acquittal based on a variance between the dates alleged in the indictment and those proved at trial, and the variance does not affect the statute of limitations, we review the denial of the defendant's motion, considering whether the trial court properly determined that the date discrepancy resulted in no prejudice to the defendant. *See State v. St.*

*Pierre*, 1997 ME 107, ¶ 14, 693 A.2d 1137, 1141.

[¶ 13] The crime of gross sexual assault alleged in the third count of the indictment requires proof that Standring engaged in a sexual act with a person under the age of fourteen who was not his spouse. The relevant statutory provision states, in its entirety:

> 1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:
>
> . . . .
>
> B. The other person, not the actor's spouse, has not in fact attained the age of 14 years. Violation of this paragraph is a Class A crime.

17–A M.R.S. § 253(1)(B). For purposes of proving the elements of this crime, the date of the offense is only relevant in determining (1) the age of the alleged victim at the time the crime was committed, *see St. Pierre*, 1997 ME 107, ¶ 14, 693 A.2d at 1141 (noting that the State was not required to prove that the alleged incidents giving rise to an unlawful sexual contact claim occurred on a specific date), and (2) the possible application of the statute of limitations to bar prosecution of the crime, *State v. Thompson*, 1997 ME 109, ¶ 7, 695 A.2d 1174, 1177. The proof offered at trial did not take the charged crime outside the statute of limitations because the State may "at any time" commence a prosecution for gross sexual assault perpetrated on a person who was under the age of sixteen at the time of the crime. 17–A M.R.S. § 8(1) (2007).

[¶ 14] Proof of the commission of the offense on any date within the stat-ute of limitations, regardless of the date alleged in the indictment, is not a material variance from the indictment, unless it prejudices the defendant. *St. Pierre*, 1997 ME 107, ¶ 14, 693 A.2d at 1141; *State v. Cloutier*, 1997 ME 96, ¶ 9, 695 A.2d 550, 553–54. In the absence of the specificity that may be obtained through a request for a bill of particulars, M.R.Crim. P. 16(c)(1),[1] a time variance between the allegation in the indictment and the proof at trial is not fatal to a criminal conviction. *Cloutier*, 1997 ME 96, ¶ 9, 695 A.2d at 554 (citing *State v. Carmichael*, 444 A.2d 45, 48 (Me.1982)); *see also State v. Drown*, 447 A.2d 466, 469 (Me.1982). To avoid prejudice, the indictment must be sufficiently specific to enable the preparation of a defense and to protect the defendant against further jeopardy for the same offense. *Drown*, 447 A.2d at 470.

[¶ 15] In *St. Pierre*, we affirmed a conviction despite the State's failure to establish that the crimes were committed on specific dates, much less the precise dates specified in the indictment. 1997 ME 107, ¶¶ 12, 14, 693 A.2d at 1140, 1141. In *Cloutier*, we affirmed a conviction although the proof at trial indicated a difference of a year or more between the dates alleged in the indictment and the proof of the offenses at trial. 1997 ME 96, ¶¶ 7–9, 695 A.2d at 553–54.

[¶ 16] Here, the date discrepancy did not prevent the State from establishing the elements of the crime, including the victim's age, and the proof offered at trial did not take the charges outside the statute of limitations. The record also fails to demonstrate that Standring was prejudiced by the date discrepancy because: (1) he knew

---

1. Pursuant to M.R.Crim. P. 16(c)(1):

    The court for cause may direct the filing of a bill of particulars if it is satisfied that counsel has exhausted the discovery remedies under this rule or it is satisfied that discovery would be ineffective to protect the rights of the defendant. The bill of particulars may be amended at any time subject to such conditions as justice requires.

from his police interview the nature of the allegations regarding the eleven-year-old; (2) he was able to offer testimony regarding his whereabouts during the time period when the eleven-year-old testified that the crimes occurred; and (3) there is no other evidence in the record that demonstrates any prejudice to Standring as a result of the time span alleged in the indictment.

[¶ 17]   The indictment provided Standring adequate notice of the charges against him, and he was not prejudiced by the small variance between pleading and proof on count three.

The entry is:

Judgment affirmed.