MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:       2016 ME 22
Docket:         Ken-15-180
Submitted
 On Briefs:     November 19, 2015
Decided:        January 26, 2016

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, and HJELM, JJ.

## STATE OF MAINE

v.

## TRAVIS L. LYON

HJELM, J.

[¶1]  Travis L. Lyon appeals from a judgment of conviction entered in the trial court (Kennebec County, *Murphy, J.*) after a jury found him guilty of one count of unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2015), and two counts of unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(M) (2015).  On appeal, Lyon challenges only his conviction on the Class B charge alleged in Count 1, arguing that the conviction should be vacated because the proof at trial varied from the dates alleged in the indictment, thereby exposing him to the risk of double jeopardy.[1]  We affirm the judgment.

---

[1]  Lyon also contends that the evidence was not sufficient for the jury to find that at the time he allegedly committed the Class B crime, the victim was under the age of twelve.  This argument is not persuasive, *see State v. Logan*, 2014 ME 92, ¶ 17, 97 A.3d 121, and we do not address it further.

## I. BACKGROUND

[¶2]  In February 2014, Lyon was indicted for three crimes covering three different periods of time: in Count 1, unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1), with an alleged offense date of "[o]n or about between March 3, 2011 and March 3, 2012"; in Count 2, unlawful sexual contact (Class C), *id.* § 255-A(1)(M), with an alleged offense date of "[o]n or about between March 4, 2012 and March 3, 2013"; and in Count 3, unlawful sexual contact (Class C), *id.*, with an alleged offense date of "[b]etween March 4, 2013 and August 5, 2013."  The same person is identified as the victim in each count. Lyon pleaded not guilty to the charges, and a two-day jury trial was held in October 2014.

[¶3]  As an element of Count 1, the State was required to prove beyond a reasonable doubt that at the time of the offense, the victim was younger than twelve years old.  The undisputed evidence presented at trial established that the victim was born on March 30, 2000, and that she therefore turned twelve on March 30, 2012.  At trial, the victim testified that she was "around" eleven the first time that Lyon subjected her to sexual contact, which constituted the basis for the charge in Count 1.  Other evidence would have warranted a finding by the jury that the crime alleged in Count 1 occurred no later than August 2010, when the victim was ten years old.

[¶4]   On October 28, 2014, the jury returned guilty verdicts on all three counts of unlawful sexual contact.  In March 2015, the court sentenced Lyon on Count 1 to a prison term of ten years, with all but eight years suspended and twelve years of probation.  On Counts 2 and 3, the court imposed fully suspended prison terms of four years, to be followed by two years of probation.  The court ordered that the three sentences were to be served consecutively.  Lyon timely appealed the judgment of conviction pursuant to 15 M.R.S. § 2115 (2015) and M.R. App. P. 2(b)(2)(A).

## II.  DISCUSSION

[¶5]   In Count 1 of the indictment, Lyon was charged with unlawful sexual contact as defined in 17-A M.R.S. § 255-A(1)(E-1), which occurs when "the actor intentionally subjects another person to any sexual contact and . . . [t]he other person, not the actor's spouse, is in fact less than 12 years of age and the actor is at least 3 years older."  The indictment alleged that this crime occurred during a time period ending "[o]n or about . . . March 3, 2012."  The victim turned twelve on March 30, 2012.  The evidence presented at trial was not specific about the offense date for Count 1 and allowed the jury to find that the crime occurred any time before the victim's twelfth birthday on March 30, 2012, including during the

4

period between March 3 and March 29, 2012.[2] Lyon argues that because of the discrepancy between the dates alleged in the indictment and the temporal evidence presented at trial, he is unconstitutionally exposed to the risk of further prosecution for the same offense arising from events that occurred after March 3, 2012, which is the end of the range of dates set out in the indictment, and before March 30, 2012, when the victim turned twelve years old.

[¶6] Lyon did not raise this issue at trial,[3] and so we review it under the obvious error standard. *See* M.R. Crim. P. 52(b).[4] An error is obvious if it is plain, affects substantial rights, and "seriously affects the fairness and integrity or public reputation of judicial proceedings." *State v. Dolloff*, 2012 ME 130, ¶ 35, 58 A.3d 1032 (quotation marks omitted). For the following reasons we find that the judgment is not affected by error, much less obvious error.

[¶7] First, the State was not required to prove that the crime alleged in Count 1 occurred during the time period specified in the indictment. *See State v. St. Pierre*, 1997 ME 107, ¶ 14, 693 A.2d 1137. We have explained that "[t]ime is

---

[2] The record does not reveal why the indictment sets out a time period ending on or about March 3, 2012, when the victim did not turn twelve years old until March 30.

[3] After the close of the State's case, Lyon moved for judgment of acquittal based on the sufficiency of the evidence. Although, in his closing argument, Lyon noted the discrepancy between the dates in the indictment and the victim's birthday, he did not specifically argue that there was a variance resulting in prejudice.

[4] The Maine Rules of Unified Criminal Procedure (effective Apr. 1, 2015) were not in effect at the time of the trial. *See* M.R.U. Crim. P. 1(e)(2).

not an element of unlawful sexual contact," *id.*, except to determine the age of the alleged victim at the time of the offense and to apply "the statute of limitations to bar prosecution of the crime," *State v. Standring*, 2008 ME 188, ¶ 13, 960 A.2d 1210. Neither of these circumstances is at issue here. As we noted above, *see supra* n.1, the State's evidence was sufficient for the jury to find that the crime occurred before the victim's twelfth birthday on March 30, 2012. Further, because the victim was younger than sixteen years old at the time of the alleged offense, prosecution of Lyon for the charge in Count 1 was not subject to any statute of limitations. 17-A M.R.S. § 8(1) (2015).

[¶8] Second, the variance between the timeframe alleged for Count 1 and the actual evidence of Lyon's criminal conduct is not fatal to the conviction. As we have held, "[p]roof of the commission of the offense on any date within the statute of limitations, regardless of the date alleged in the indictment, is not a material variance from the indictment, unless it prejudices the defendant."[5] *Standring*, 2008 ME 188, ¶ 14, 960 A.2d 1210. A variance between the allegations in a charging instrument and evidence presented at trial can be prejudicial in two

---

[5] Lyon asserts that this case is atypical because the victim's age was an essential element of the crime, and that therefore this well-established rule should not apply. Contrary to his contentions, however, we have invoked this rule in cases where, as here, the date of the offense is relevant to determining the victim's age when the crime was allegedly committed. *See, e.g., State v. Standring*, 2008 ME 188, ¶¶ 13-14, 960 A.2d 1210 (involving a charge of gross sexual assault requiring proof that the victim was under the age of fourteen); *State v. Cloutier*, 1997 ME 96, ¶¶ 2, 7-11, 695 A.2d 550 (involving multiple charges of unlawful sexual contact and gross sexual assault requiring proof that the victim was under the ages established in the statutes defining the alleged offenses).

ways: (1) if the allegations are not "sufficiently specific to enable the preparation of a defense," or (2) if they fail "to protect the defendant against further jeopardy for the same offense." *Id.*

[¶9]  Lyon acknowledges that the indictment here provided fair warning of the crime charged.  Therefore, the only issue is whether the variance implicates the other form of prejudice—that is, Lyon's constitutional right to be protected from further jeopardy for the same offense.  *See* U.S. Const. amend. V; Me. Const. art. I, § 8.  We conclude that under the proper variance analysis, Lyon is not exposed to double jeopardy.

[¶10]  In *State v. Gifford*, we stated that "[a]n indictment will protect a defendant against further jeopardy if, *read together with the evidence presented at trial* and any parol evidence, it makes clear the offense for which the defendant has been placed on trial."  595 A.2d 1049, 1052 (Me. 1991) (emphasis added).  The proof in *Gifford* included evidence of incriminating conduct occurring from 1983 through 1987, even though the last date alleged in the indictment was September 1, 1985.  *Id*. at 1051-52.  We held that when the indictment was read "along with the evidence, rulings and instructions at trial," the defendant was provided with the basis for "a plea of former jeopardy" based on events occurring from 1983 through 1987, because it was clear from the trial record that the evidence allowed the jury to find that the crime was committed during the expanded timeframe.  *Id.* at 1052;

*see also State v. Cloutier*, 1997 ME 96, ¶¶ 8, 11, 695 A.2d 550 (concluding that the defendant did not face further jeopardy even though the victim's testimony established that the defendant had committed the crimes of unlawful sexual contact and gross sexual assault at least one year after the last date listed in the indictment).

[¶11]  Here, as it relates to the charge of unlawful sexual contact in Count 1, the State's evidence against Lyon encompassed the time period that continued up to the victim's twelfth birthday on March 30, 2012, even though that evidence extended beyond the "on or about" end-date alleged in that count.  Therefore, when the charge in Count 1 is seen in the context of the actual evidence presented in support of that charge, it becomes clear that the temporal parameter for the conviction extends beyond the specific offense date alleged in the indictment and includes any date up to March 30, 2012.  This reading of the indictment as allowed in *Gifford* is therefore sufficient to invoke Lyon's double jeopardy protection and bar a future prosecution against Lyon for unlawful sexual contact arising from conduct occurring during the full time range suggested by the evidence.[6] Accordingly, any variance is not fatal to the conviction.

---

[6] As we noted above, *see supra* ¶ 3, the evidence presented in support of Count 1 also would support a finding that the offense occurred before August 2010, therefore encompassing a time period *before* the first date alleged in that count, which was March 3, 2011.  Lyon does not argue that he faces double jeopardy for conduct occurring before the time period alleged in Count 1; rather, he focuses his variance argument on a portion of March 2012.  Nonetheless, for the reasons that protect Lyon from future

8

[¶12] We therefore conclude that the variance between the indictment and the evidence presented at trial does not violate Lyon's right to protection from double jeopardy and does not defeat the conviction for the charge of unlawful sexual contact alleged in Count 1.

The entry is:

> Judgment affirmed.

**On the briefs:**

Walter F. McKee, Esq., and James A. Billings, Esq., McKee Billings, LLC, P.A., Augusta for appellant Travis L. Lyon

Maeghan Maloney, District Attorney, and David M. Spencer, Asst. Dist. Atty., Prosecutorial District IV, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2014-166
FOR CLERK REFERENCE ONLY

prosecution for conduct that occurred from March 4, 2012, to March 29, 2012, he is also shielded from further jeopardy based on conduct that occurred before March 3, 2011, to the extent that such conduct is encompassed by the evidence presented at trial.