STATE OF MAINE

KENNEBEC, ss.

MARY H. MITROSKY,

Petitioner

v.

THE STATE OF MAINE
DEPARTMENT OF PUBLIC
SAFETY, LIQUOR LICENSING

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-65

~DAM - KEN - C/ ...

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

SEP 8 2004

This matter, upon temporary transfer from the Seventh District Court, Division

of Southern Kennebec, is before the court on a petition for review of agency action

pursuant to M.R. Civ. P. 80C.

Petitioner Mary Mitrosky, owner/operator of a lounge at 132 Water Street in

Oakland, Maine named Shelby's seeks review of the Department of Public Safety's

decision to deny her appeal of a decision by the municipal officers of Oakland to deny

her a renewal of her Class A lounge liquor license. Petitioner applied for her renewal

on May 8, 2003, and after a municipal hearing, was informed, via a letter dated May 29,

2003, that her license would not be renewed "due to repeated problems with noise and

unruly behavior inside and outside the premises." Petitioner filed a timely appeal with

the Department of Public Safety. The Department conducted a hearing in Oakland and

issued a decision upholding the May 29, 2003 decision of the Oakland municipal

officers.

Petitioner filed a petition for review in the Augusta District Court. Petitioner

argues that she has been denied due process due to bias of the decision maker (at the

factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

Petitioner has filed a petition for review of final agency action but asserts that what this court must actually review is the Town's decision to determine whether or not it was "unreasonable, unjust or unlawful." Citing, *Centamore v. Department of Human Services*, 664 A.2d 369, 370-71 (Me. 1995).[1] Respondent asserts that pursuant to 28-A M.R.S.A. § 653(3) it actually conducted a *de novo* hearing and only that hearing should be reviewed, citing, *Ullis v. Inhabitants of the Town of Boothbay Harbor*, 459 A.2d 153, 156 (Me. 1983). The statute, in relevant part states: "If the decision appealed from is an application denial, the bureau may issue the license only if it finds by clear and convincing evidence that the decision was without justifiable cause." 28-A M.R.S.A. § 653(B).

It is the responsibility of this court to review the agency decision directly for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Department of Human Services*, 664 A.2d at 370. Title 28-A M.R.S.A. § 653(3) provides a right of appeal of the liquor license application to the Department of Public Safety if it is aggrieved by the decision of the municipal officers. The statute requires the Department of Public Safety, through the Bureau of Liquor Licensing, to hold a public hearing in the town where the premises are situated. The Department is required, on appeal, to conduct essentially a *de novo* hearing on the liquor license application (with appropriate deference paid, of course, to any factual findings actually made by the municipal officers). The Department may take new evidence from the public on any

---

[1] This quotation is not accurate.

issue relevant to the grant or denial of a license application. *Ullis v. Inhabitants of the Town of Boothbay Harbor*, 495 A.2d 153 (Me. 1983).

Title 28-A M.R.S.A. § 653(3)(B) requires the Department, through the Bureau of Liquor Licensing, to issue the license only if it finds by clear and convincing evidence that the municipal officers' decision was without justifiable cause. Therefore, the responsibility of this court is to review the decision by the Department of Public Safety that it found by clear and convincing evidence that the decision of the municipal officers of Oakland was without justifiable cause in denying petitioner's renewal of a liquor license was an abuse of its discretion, founded upon errors of law or based upon findings not supported by the evidence.

Petitioner's arguments regarding (religious) bias of the decision maker are specifically addressed in the Department's decision, noting that while an elected official is not required to vote contrary to his or her beliefs,[2] in this case "the selectperson testified, and the Department is satisfied, that the decision not to abstain and the vote to deny the license were based upon the information and testimony given at the town's public hearing."

Regarding petitioner's argument that the vote was improper at the municipal level because selectpersons were not required to vote separately on each statutory ground, the Department decision noted that petitioner offered no statutory or case law authority for her contention. Reasoning by analogy, the decision noted that the Law Court has decided that jurors need not agree on a single theory in order to convict in a

---

[2] Unless a municipality is a "dry" town, one must assume that an applicant complying in all respects with the law has a right to an objective consideration of a liquor license by the properly elected municipal officers. Utilizing personal religious beliefs to prevent an objective review of the statutory considerations would appear to be contrary to the responsibilities of an elected official. However, in this case, the only reference to the votes in question before the agency was a statement by a town councilor, "We have two gentlemen who are very religious and it's their right to abstain or vote on any liquor license."

murder case.[3]  While there is merit to petitioner's suggestion that voting one statutory ground at a time might better focus the attention of the municipal officers, petitioner offers no authority to turn this suggestion into a requirement incumbent on the officers when they considered this application.

Petitioner also argues that the municipality's ordinance is unconstitutionally vague "to the extent [it] allows noise, by itself, to be considered disorderly conduct." Petitioner also states that "the Town's ordinance does not define disorderly conduct." There is no copy of the ordinance in the record filed with this court. There is no reference to the ordinance in the decision of the municipality or the Department.[4] This court cannot therefore address this argument. As for petitioner's argument that noise, in and of itself, is not one of the grounds set forth in 28-A M.R.S.A. § 653(2) respondent points out that the municipality's May 29, 2003 decision refers to both noise and "unruly behavior inside and outside your premises."

Respondent also cites fourteen complaints from neighbors of the Shelby, most occurring between 11 p.m. and 1:30 a.m., for loud noise and disturbances which included complaints regarding Shelby patrons relieving themselves outdoors on private property. The record of the decision also shows that the police have had to remove a disorderly customer from the lounge and on another occasion had to break up a fight inside the lounge. Any of the above clearly supports both the municipality and the Department in applying the relevant standards for denial:

> Repeated incidents of record of breaches of the peace, disorderly conduct, vandalism or other violations of law on or in the vicinity of the licensed

---

[3] Respondent offers no citation for this proposition. In 1997 the Law Court did affirm a conviction on unlawful sexual contact, *State v. St. Pierre*, 1997 ME 107, ¶ 6, 693 A.2d 1137 by citing to a U.S. Supreme Court case, *Schad v. Arizona*, 501 U.S. 624, 111 (1991), that so held.

[4] According to the Town of Oakland website there is no ordinance in Oakland addressing liquor licenses. *See,* http://www.ci.oaklandmaine.us/

premises and caused by persons patronizing or employed by the licensed premises.

28-A M.R.S.A. § 653(2)(D).

Petitioner's final argument is that the denial by the Town of Oakland was based on insufficient evidence. Petitioner also asserts that "noise alone" is not a breach of the peace.[5] Leaving aside for a moment the fact that pursuant to the statute the Department could and did take additional evidence at the public hearing and rely on it, based on the above cited evidence of public urination, fighting, unruliness and noise, both the municipality and the Department could have fairly and reasonably found the facts as it did.

Petitioner's assertions that the real problem in the Town of Oakland is a lack of zoning may have traction with a future planning board or the polity of Oakland, but it is the present lack of order, manners and restraint by lounge patrons that supports the Department's decision to deny petitioner's appeal.

The court finds no abuse of discretion, no errors of law and findings that are supported by the evidence.

The entry will be:

The decision dated August 5, 2003, of the Department of Public Safety in the matter of Shelby's class A lounge license finding the decision of the municipal officers not without justifiable cause is AFFIRMED; this matter is REMANDED to the District Court.

Dated: August __/6__, 2004

Donald H. Marden
Justice, Superior Court

---

[5] While there are no Maine law Court cases holding that noise alone is breach of the peace and this concept is not important to deciding this case, a standard legal dictionary defines the criminal offense of breach of the peace as "[t]he criminal offense of creating a public disturbance or engaging in disorderly conduct, particularly by making an unnecessary or distracting noise." BLACK'S LAW DICTIONARY 183 (7th ed. 1999).

Date Filed __11/17/03_____ __Kennebec_____ Docket No. __AP03-65_____
                                County

Action ___Petition for Review_____
              80C

## J. MARDEN


Mary H. Mitrosky                          vs.   Bureau of Liquor Enforcement

Plaintiff's Attorney                            Defendant's Attorney

   Alton C. Stevens, Esq.                          Michell Robert, AAG
   44 Elm Street                                   6 State House Station
   P.O. Box 708                                    Augusta, Maine   04333-0006
   Waterville, Maine   04903-0708


| Date of Entry | |
| --- | --- |
| 11/17/03 | Appeal from District Court with all papers, filed. (Administrative case from District Court) |
| 2/5/04 | Petitioner's Motion to Extend DAte to File Brief, filed. s/Stevens, Esq. Proposed Order, filed. |
| 2/11/04 | ORDER ON MOTION TO EXTEND, Marden, J. The date by which petitioner's brief is due is extended to February 13, 2( Copies mailed to attys of record. |
| 2/17/04 | Petitioner's Brief, filed. s/Stevens, Esq. |
| 2/18/04 | Supplement to Certified Administrative Record, filed. s/Robert, AAG |
| 3/12/04 | Respondent's Brief, filed. s/Robert, AAG |
| 3/29/04 | Petitioner's Reply Brief, filed. s/A. Stevens, Esq. |
| 4/23/04 | Hearing had oral arguments with Hon. Justice Donald Marden, presiding. Alton Stevens, Esq. for the Plaintiff and Michelle Robert, AAG for the State. Oral arguments made to the court. Court to take matter under advisement. Court to issue written decision. |
| 8/17/04 | DECISION AND ORDER, Marden, J. (dated 8/16/04) The decision dated August 5, 2003, of the Department of Public Safety in the matter of Shelby's class A lounge license finding the decision of the municipal officers not without justifiable cause is AFFIRMED; this matter is REMANDED to the District Court. Copies mailed to attys of record. Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |