## STATE of Maine

v.

## Raphael N. BRADLEY, Jr.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1987.
Decided Feb. 19, 1987.

---

Charles K. Leadbetter, Wayne S. Moss (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Turner & Whittier, P.A., David Q. Whittier (orally), South Paris, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendant Raphael N. Bradley, Jr., appeals from his convictions in the Superior Court (Oxford County) for robbery with the use of a firearm, 17–A M.R.S.A. §§ 651, 1252(5) (1983), and for murder, 17–A M.R.S.A. § 201(1)(A) (1983). As to the murder conviction, Bradley contends that the State failed to carry its burden of proving the unavailability of the self-defense justification raised by him at trial. We do not agree.

On the morning of November 15, 1985, Bradley set out hitchhiking on Route 118

from his home in North Waterford for the admitted purpose of stealing a vehicle in which to travel to Florida. Bradley was picked up by victim Russell Stevens, who was on his way to work. Soon thereafter, Stevens and Bradley turned off from Stevens' regular commuting route and drove along back roads. They stopped at a remote field. There Bradley shot Stevens four times, killing him. Bradley then took Stevens' truck and, after stopping in North Waterford to pick up his girlfriend and her half sister, drove directly to Florida.

At his trial Bradley claimed that he shot Stevens in self-defense after Stevens had thrown a cattle prod at him and had twice fired his .30 '06 rifle at him.[1] Bradley also claimed that he was not guilty of robbery, but only of theft, because he had formulated the intent to take Stevens' truck only after he had already killed Stevens. However, the State presented ample evidence from which the jury could find beyond a reasonable doubt that Bradley had decided to steal Stevens' truck prior to shooting him. The State's evidence, which included Bradley's own admissions, tended to show that Stevens threw the cattle prod at Bradley only after Bradley threatened him with a pistol and demanded that he get out and start walking so that Bradley could take the truck. From that evidence the jury could rationally conclude beyond a reasonable doubt that Bradley shot Stevens to prevent or overcome Stevens' resistance to his stealing the truck. *See* 17–A M.R.S.A. § 651(1)(C) (1983).

The presiding justice correctly instructed the jurors that if they found defendant guilty of robbery the State had successfully carried its burden of proving beyond a reasonable doubt that self-defense was unavailable to defendant as a justification for his killing of Stevens. A person is not justified in using deadly force to defend himself from the use of such force by another unless the other's use of force is unlawful. *See* 17–A M.R.S.A.

---

**1.** Physical evidence and expert testimony presented by the State tended to show that Ste-

vens never fired his .30 '06 at Bradley.

§ 108(2)(A)(1) (1983); *State v. Austin*, 381 A.2d 652, 655 (Me.1978). Since section 108(2)(A)(2) makes lawful the reasonable use of deadly force against another person "[c]ommitting or about to commit a ... robbery," self-defense is not available to a person committing or about to commit a robbery. Having proved that Bradley killed Stevens in the course of a robbery, the State was required to do nothing more in this case to prove the unavailability of the self-defense justification.

Two other arguments of the defendant, both of which relate to the jury instructions, do not merit discussion.

The entry is:

Judgments of conviction affirmed.

All concurring.