2010 ME 14

**STATE of Maine**

v.

**Huy Van NGUYEN.**

Supreme Judicial Court of Maine.

Argued: Feb. 9, 2010.

Decided: March 2, 2010.

Leonard I. Sharon, Esq. (orally), Auburn, ME, for Huy Van Nguyen.

Janet T. Mills, Attorney General, Donald W. Macomber, Asst. Atty. Gen. (orally), Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Huy Van Nguyen appeals from a judgment of conviction for intentional or knowing murder, 17–A M.R.S. § 201(1)(A) (2009), entered in the Superior Court (York County, *Brennan, J.*) following a jury trial. Nguyen contends that the court committed prejudicial error in refusing to instruct the jury that a unanimous verdict was required in determining whether Nguyen committed murder as a principal or as an accomplice. Nguyen

also argues that the court exceeded its discretion in admitting certain impeachment evidence, and in denying his motion for mistrial based on statements made by the State during its closing argument. We affirm the judgment.

## I. FACTS AND PROCEDURE

[¶ 2] Viewing the evidence in the light most favorable to the State, the jury rationally could have found the following facts beyond a reasonable doubt. *See State v. Bruzzese*, 2009 ME 61, ¶ 2, 974 A.2d 311, 311–12.

[¶ 3] In September of 2005, Nguyen enlisted acquaintance Dung Quoc Ngo to purchase crack cocaine for him in Massachusetts, and provided Ngo with $1800 for the purchase. Ngo later reported that drug dealers stole Nguyen's money during the course of the transaction. Nguyen was angry about the incident, and came to believe that Ngo himself had conspired to take Nguyen's money.

[¶ 4] On September 6, 2005, Nguyen, along with friends Son Thanh Nguyen (Sonny) and Nhan H. Truong, took Ngo from his home in Dorchester, Massachusetts. They drove him to a location along the Maine Turnpike in York, where Nguyen and Sonny led Ngo into the woods and shot and killed him.

[¶ 5] Nguyen was indicted in the Superior Court for intentional or knowing murder, 17–A M.R.S. § 201(1)(A), and kidnapping (Class A), 17–A M.R.S. § 301(1)(B)(1) (2009).[1] Nguyen pleaded not guilty to the charges.

[¶ 6] The court conducted a jury trial in June of 2007, during which the State prosecuted Nguyen pursuant to two alternatives: as principal or as an accomplice. During the trial, Nguyen requested a jury instruction stating that if the jury found Nguyen guilty of murder, it was required either to find unanimously that Nguyen was guilty as the principal, or to find unanimously that Nguyen was guilty as an accomplice, but that the jury could not find him guilty of murder if the jury was less than unanimous as to either particular theory. The court denied Nguyen's request, and instead instructed the jury that although a verdict of guilty had to be unanimous, unanimity as to the principal or accomplice alternative was not required.

[¶ 7] The jury found Nguyen guilty of intentional or knowing murder, and the court sentenced Nguyen to forty-five years in prison. Nguyen timely appeals.

## II. DISCUSSION

[¶ 8] Nguyen first contends that the court erred in failing to instruct the jury that in order to find him guilty of murder, it either had to make a unanimous finding that Nguyen acted as principal, or had to make a unanimous finding that Nguyen acted as accomplice. We review the denial of a requested jury instruction for prejudicial error, and will vacate such a denial only if the requested instruction "(1) stated the law correctly; (2) was generated by the evidence in the case; (3) was not misleading or confusing; and (4) was not sufficiently covered in the instructions the court gave." *State v. Barretto*, 2008 ME 121, ¶ 9, 953 A.2d 1138, 1140 (quotation marks omitted). In our review, "we consider the effect of the instructions as a whole and the potential for juror misunderstanding." *State v. Gantnier*, 2008 ME 40, ¶ 13, 942 A.2d 1191, 1195.

[¶ 9] The Maine Constitution provides, "The Legislature shall provide by law a suitable and impartial mode of selecting juries, and their usual number and una-

1. The State dismissed the kidnapping charge prior to trial "in the interest of justice."

nimity, in indictments and convictions, shall be held indispensable." Me. Const. art. I, § 7. Consistent with the Constitution, Maine Rule of Criminal Procedure 31(a) provides: "The verdict shall be unanimous." *See also State v. Quint,* 448 A.2d 1353, 1356 (Me.1982) (referring to "the constitutional requirement that, in criminal cases, a verdict be unanimous").

[¶ 10] Nguyen encourages us to require so-called "theory unanimity," that is, to hold that the unanimity requirement in the Constitution applies to determinations of the particular legal theory pursuant to which a defendant may be found guilty of a given crime. In short, we are asked to decide whether the Constitution requires that the jury be unanimous only as to guilt, or whether it must also be unanimous as to which theory of guilt.

[¶ 11] We have previously decided this issue in a series of opinions not cited by Nguyen. In *State v. Erskine,* we concluded that unanimity was not required in the jury's determination of whether the defendant committed intentional or knowing murder or depraved indifference murder because each juror's individual finding as to either was sufficient to support a general murder verdict. 2006 ME 5, ¶¶ 12–19, 889 A.2d 312, 316–18. We held: "Although a jury must reach unanimous agreement that each element of an offense has been proven, a jury does not have to agree unanimously on the means of satisfying the *mens rea* element." *Id.* ¶ 13, 889 A.2d at 316 (citation omitted).

[¶ 12] Similarly, in *State v. St. Pierre,* the defendant was charged with unlawful sexual contact, a charge that requires proof that the sexual contact occurs either for the purpose of arousing or gratifying the defendant, or for the purpose of causing bodily injury or offensive physical contact to the victim. 1997 ME 107, ¶ 7, 693 A.2d 1137, 1139. We held that the trial

court did not err in refusing to instruct the jury that its verdict had to be unanimous as to which of these two alternatives applied to the defendant because, pursuant to either theory, only one crime was committed and the verdict for that crime was unanimous. *Id.* ¶¶ 5–7, 693 A.2d at 1139; *see also* Alexander, *Maine Jury Instruction Manual* § 6–65 at 6–102 (4th ed. 2009) (stating that "if a crime may be committed by more than one means or method, the jury need not be unanimous on the means or method of committing the crime if they are unanimous that the crime was committed"); *State v. Johnson,* 434 A.2d 532, 535 (Me.1981) (noting that "[t]he jury was properly instructed that it could find the defendant guilty either as the perpetrator of a murder or as an accomplice to the commission of murder").

[¶ 13] These decisions comport with the United States Supreme Court's identical interpretation of the United States Constitution. In *Schad v. Arizona,* the defendant was charged with first-degree murder pursuant to Arizona state law. 501 U.S. 624, 628, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). First-degree murder in Arizona could be proved by establishing either premeditated murder or felony murder. *Id.* at 630–31, 111 S.Ct. 2491. The Supreme Court stated: "We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone" and held that "the Constitution did not command such a practice." *Id.* at 631, 645, 111 S.Ct. 2491. The Court also noted that although there is a "point at which differences between means become so important that they may not reasonably be viewed as alternatives to a common end, but must be treated as differentiating what the Constitution requires to be treated as separate

offenses," that point is not reached when "statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime." *Id.* at 633, 636, 111 S.Ct. 2491.

[¶ 14] Likewise, in *United States v. Hernandez–Albino,* the defendant was charged with carrying a gun during and in relation to committing a drug crime. 177 F.3d 33, 37 (1st Cir.1999). Following his conviction, the defendant argued on appeal that the jury was required to make a unanimous finding as to whether it was the gun he had tucked in his pants or the gun found under the passenger's seat of the car he was in that satisfied that element of the charge. *Id.* at 37, 39–40. The United States Court of Appeals for the First Circuit disagreed, and concluded that, despite the mandate of a unanimous verdict, "the jury need not necessarily agree on the facts underlying that conviction" and the conviction could be sustained with a non-unanimous finding as to the particular means of commission.[2] *Id.* at 40; *see also United States v. Reeder,* 170 F.3d 93, 105 (1st Cir.1999) ("While a jury must agree on all of the elements of an offense, it need not agree on the means by which all the elements were accomplished.").

[¶ 15] Thus, we, along with the federal courts, have long held that if a single crime can be committed by multiple means, the jury need not be unanimous in finding which of those means supports its general guilty verdict. Accomplice and principal liability are alternate means for the commission of a single crime. Title 17–A M.R.S. § 57(3)(A) (2009) defines accomplice liability:

A person is an accomplice of another person in the commission a crime if . . . [w]ith the intent of promoting or facili-

tating the commission of the crime, the person solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of the person's conduct.

Accomplice liability may be found in "any conduct promoting or facilitating, however slightly, the commission of the crime." *State v. Perry,* 2006 ME 76, ¶ 16, 899 A.2d 806, 813 (quotation marks omitted). Pursuant to section 57, an accomplice is guilty of the crime as if he acted as a principal, and a guilty verdict rendered on either theory is thus indistinguishable and each is independently sufficient to support a conviction. *Johnson,* 434 A.2d at 535.

[¶ 16] We have already decided that the Maine Constitution is satisfied by a unanimous finding of guilt even if the jury is not unanimous as to which of the multiple possible means the defendant employed in committing the crime. Nguyen gives us no reason to reconsider that well-established precedent, and we decline to disturb his conviction on this basis.

[¶ 17] We are also not persuaded by Nguyen's remaining contentions, that the court exceeded its discretion in admitting for impeachment purposes the unsworn prior video interview of a witness, *see* M.R. Evid. 801(d)(1); *State v. Bickart,* 2009 ME 7, ¶ 36, 963 A.2d 183, 193; *State v. Snow,* 2007 ME 26, ¶ 12, 916 A.2d 957, 961; Field & Murray, *Maine Evidence* § 801.4 at 431–32 (6th ed. 2007), and that the court exceeded its discretion in refusing to declare a mistrial based on statements made by the State during its closing argument,

2. The Court of Appeals did note, however, that "unanimity is required when such a determination matters for sentencing purposes." *United States v. Hernandez–Albino,* 177 F.3d 33, 40 (1st Cir.1999).

*see State v. Allen,* 2006 ME 20, ¶ 22, 892 A.2d 447, 454.

The entry is:

Judgment affirmed.