MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 90
Docket:        Aro-19-134
Argued:        February 13, 2020
Decided:       June 18, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.*

STATE OF MAINE

v.

MARCUS ASANTE

HUMPHREY, J.

[¶1]  In this opinion, we consider whether the trial court erred in its jury instructions regarding the self-defense justification that Marcus Asante asserted in defending against a murder charge and in its jury instructions on the elements of robbery.  Asante appeals from judgments of conviction of intentional or knowing murder, 17-A M.R.S. § 201(1)(A) (2020), and robbery (Class A), 17-A M.R.S. § 651(1)(D), (E) (2020), entered by the court (Aroostook County, *Stewart, J.*) after a jury trial.  He argues that the court's jury instructions allowed the state to obtain a conviction without proof of every element of

---

*  Although not available at oral argument, Justices Gorman, Horton, and Connors participated in the development of this opinion.  *See* M.R. App. P. 12(a)(2) ("A qualified justice may participate in a decision even though not present at oral argument.").  Chief Justice Saufley sat at oral argument and participated in the initial conference but resigned before this opinion was certified.

2

robbery as charged pursuant to 17-A M.R.S. § 651(1)(E), that the self-defense instruction improperly intruded on the province of the jury to find the facts, and that the court's use of that instruction failed to direct the jury that the State was required to disprove self-defense beyond a reasonable doubt.[1] Because the instructions on the elements of robbery misstated the law, and thereby also rendered a portion of the court's instructions on self-defense erroneous, we vacate the judgments of conviction for both murder and robbery.

## I. BACKGROUND

[¶2] The following facts are drawn from the evidence presented at trial, viewed in the light most favorable to the State. *See State v. Sholes*, 2020 ME 35, ¶ 2, --- A.3d ---. In October 2016, Marcus Asante traveled by car from Massachusetts to Maine to obtain $20,000 worth of marijuana from the victim. He was accompanied on that trip by four other people, one of whom was the

---

[1] Asante also argues that the court erred in admitting certain testimony from a jailhouse informant and that his convictions for murder and robbery violate the Double Jeopardy Clauses of the United States and Maine Constitutions. We conclude that the court did not abuse its discretion in determining that the probative value of the informant's testimony was not substantially outweighed by the danger of unfair prejudice, *see* M.R. Evid. 403; *State v. Pillsbury*, 2017 ME 92, ¶ 24, 161 A.3d 690; that the court did not violate Asante's Sixth Amendment right to counsel in admitting the informant's testimony because the informant was not a state agent, *cf. United States v. Danielson*, 325 F.3d 1054, 1060, 1073-74 (9th Cir. 2003) (remanding for an evidentiary hearing regarding whether the government used privileged information about the defendant's trial strategy that it had deliberately obtained through a compensated informant); and that the convictions did not amount to double jeopardy because the conviction for each crime required proof of a fact that the other did not, *see* 17-A M.R.S. §§ 201(1)(A), 651(1)(D), (E) (2020); *State v. Martinelli*, 2017 ME 217, ¶ 9, 175 A.3d 636.

victim's cousin. The group ultimately met with the victim at a gas station in the town of Sherman, where the victim's cousin, Asante, and another man got into the victim's car. The victim drove with the three passengers to a secluded dirt road, and the remaining two travelers from Massachusetts followed in the other car.

[¶3] After the victim stopped his car, he was shot nine times, causing his death. After the shooting, either the victim's cousin, Asante, or the other man took the marijuana, and all five individuals who had traveled from Massachusetts returned there. Asante took a share of the marijuana, which, along with the gun that had been used to fire the bullets found in the victim's body and car, was later found in Asante's apartment.

[¶4] In November 2016, Asante was charged by indictment with knowing or intentional murder, 17-A M.R.S. § 201(1)(A), and robbery (Class A), 17-A M.R.S. § 651(1)(D), (E). Asante pleaded not guilty.

[¶5] The court held a six-day jury trial in November 2018. The trial testimony included conflicting versions of the events that transpired inside the victim's car. The State offered evidence that the people in the victim's car—the victim's cousin, Asante, and their associate—intended to rob the victim. According to that evidence, the victim's cousin, seated next to the victim in the

4

front passenger seat, attempted to grab a bag of marijuana from the victim. The victim pulled out a gun, and Asante, sitting in the seat directly behind the victim, shot the victim nine times, causing his death.

[¶6] Asante, in contrast, testified that there was no plan to commit a robbery; the victim's cousin had arranged for Asante to purchase marijuana from the victim. According to Asante, when the victim failed to supply the quantity and quality of marijuana that he had promised, Asante called the deal off. The victim then locked the car doors, pulled out a gun, and tried to shoot Asante in the face. The victim's gun did not fire, and the man in the back seat with Asante shot the victim multiple times.

[¶7] After the parties offered their evidence, they agreed on the jury instructions for the court to deliver, including instructions on robbery and self-defense. At no time did Asante object to these instructions.

[¶8] The jury returned guilty verdicts on the murder and robbery charges, and the court sentenced Asante to thirty-five years in prison for the murder and twenty years for the robbery, to run concurrently. The court also ordered Asante to pay $70 to the Victims' Compensation Fund and to pay the

victim's family restitution of $2,274.40. Asante timely appealed. *See* 15 M.R.S. § 2115 (2020); M.R. App. P. 2B(b)(1).[2]

## II. DISCUSSION

[¶9] Asante argues that the court erred in (1) instructing the jury that he could be convicted of robbery if he was armed with a dangerous weapon, or he knew that an accomplice was so armed, at the time of a theft or attempted theft, and (2) instructing the jury that, if it found Asante guilty of robbery, then the State had disproved that Asante had acted in self-defense with respect to the murder charge.

[¶10] Asante concedes that he raised no objection to the instructions and that our review is for obvious error. An error is obvious if there is "(1) an error, (2) that is plain, and (3) that affects substantial rights. If these conditions are met, we will exercise our discretion to notice an unpreserved error only if we also conclude that (4) the error seriously affects the fairness and integrity or

---

[2] On February 13, 2020, we held oral argument in Asante's appeal. Five days later, Asante filed a motion to supplement the briefing and indicated in his motion that the State opposed the motion. Asante filed the motion because the Court's questions posed at oral argument alerted him to the additional issue of the court improperly using the word "or" instead of the word "and" between required elements of robbery as charged pursuant to 17-A M.R.S. § 651(1)(E). He briefed his argument on that issue as part of the motion. We granted the motion, accepted the motion as Asante's supplemental brief, and afforded the State the opportunity to file a responsive brief. The State filed its response, and we now consider all issues.

6

public reputation of judicial proceedings." *State v. Pabon*, 2011 ME 100, ¶ 29,

28 A.3d 1147.

[¶11]  "A jury instruction is erroneous if it creates the possibility of jury

confusion and a verdict based on impermissible criteria." *State v. Delano*, 2015

ME 18, ¶ 13, 111 A.3d 648 (quotation marks omitted).

A.    The Instructions

[¶12]  Regarding the murder charge, the court instructed the jury on the

law of self-defense and concluded with the following instruction:

> Finally, notwithstanding the instructions I have just given you regarding self-defense, if the State proves beyond a reasonable doubt that Mr. Asante is guilty either personally or as an accomplice of the offense of robbery as alleged in Count 2, the elements of which I will instruct you on shortly, then the State has successfully met its burden of proving beyond a reasonable doubt that deadly force was not used in self-defense and the defense is not available.

Asante raised no objection.  The court then instructed the jury on the elements

of robbery.  It instructed, again without any objection from Asante, that "a

person commits robbery as charged in the indictment if the person commits

theft and at the time of the person's actions, the actor intentionally inflicts

bodily injury on another *or* the actor is armed with a dangerous weapon in the

course of a robbery *or* knows that an accomplice is so armed."  (Emphasis

added.)  It further instructed the jury,

[I]f you conclude that the State has established beyond a reasonable doubt that, one, Marcus Asante or an accomplice committed theft and, two, at the time of the theft Marcus Asante or an accomplice intentionally inflicted bodily injury on [the victim], *or* that Marcus Asante or an accomplice was armed with a dangerous weapon in the course of the robbery, *or* that Marcus Asante knew that an accomplice was so armed, then the State has proven beyond a reasonable doubt that the defendant, Marcus Asante, is guilty of the crime of robbery . . . .

(Emphasis added.)

[¶13]  The indictment against Asante charged him with Class A robbery as follows:

On or about October 16, 2016, in the County of Aroostook, State of Maine, **MARCUS ASANTE** . . . did commit or attempt to commit theft of the property of [the victim] and at the time of his actions **MARCUS ASANTE** or an accomplice to his knowledge, was armed with a dangerous weapon, namely a handgun, and intentionally inflicted bodily injury on [the victim] during the commission of the robbery against [the victim] all in violation of 17-A M.R.S. §§ 651(1)(D) & (E) & 1252(5).[3]

---

[3]  Title 17-A M.R.S. § 1252(5) was repealed effective May 16, 2019. *See* P.L. 2019, ch. 113, § A-1 (effective May 16, 2019).  At the time of the indictment, the statute provided, in relevant part,

Notwithstanding any other provision of this code, except as provided in this subsection, if the State pleads and proves that a Class A, B or C crime was committed with the use of a firearm against a person, the minimum sentence of imprisonment, which may not be suspended, is as follows: When the sentencing class for the crime is Class A, the minimum term of imprisonment is 4 years; when the sentencing class for the crime is Class B, the minimum term of imprisonment is 2 years; and when the sentencing class for the crime is Class C, the minimum term of imprisonment is one year. . . .

17-A M.R.S. § 1252(5) (2016), *repealed by* P.L. 2019, ch. 113, § A-1 (effective May 16, 2019).  The sentencing statute that is now in effect similarly provides,

8

Accordingly, we examine section 651(1)(D) and (E) to determine what proof was necessary for a jury to convict Asante under either paragraph.

B.     The Elements of Robbery as Charged

[¶14]  A person is guilty of robbery pursuant to 17-A M.R.S. § 651(1)(D) if the State proves that (1) "the person commit[ted] or attempt[ed] to commit theft," *id.* § 651(1), and (2) "at the time of the person's actions . . . [t]he actor intentionally inflict[ed] or attempt[ed] to inflict bodily injury on another," *id.* § 651(1)(D).  A person is guilty of robbery pursuant to section 651(1)(E) if the State proves that "the person commit[ted] or attempt[ed] to commit theft and at the time of the person's actions . . . [t]he actor [was] armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D or kn[ew] that the accomplice [was] so armed."  Here, Asante was not charged with committing a robbery as defined in paragraphs A, B, or C.  Thus, to prove that Asante committed the robbery pursuant to section 651(1)(E) as it was

---

If the State pleads and proves that a Class A, B or C crime was committed with the use of a firearm against an individual, the minimum sentence of imprisonment, which may not be suspended, is as follows:

    **A.** In the case of a Class A crime, 4 years;

    **B.** In the case of a Class B crime, 2 years; and

    **C.** In the case of a Class C crime, one year.

17-A M.R.S. § 1604(3) (2020).

charged in the indictment, the State had to prove that (1) Asante committed or attempted to commit a theft, (2) at the time of the theft or attempted theft, Asante or an accomplice intentionally inflicted or attempted to inflict bodily injury on the victim, *and* (3) at the time of the theft or attempted theft, Asante was armed with a dangerous weapon or knew that his accomplice was so armed.  *See id.* § 651(1)(D), (E).

[¶15]  Although the State argues that the Legislature could not have intended to require the State to prove a robbery pursuant to section 651(1)(A), (B), (C), or (D) to obtain a conviction pursuant to section 651(1)(E), that is precisely what section 651(1)(E), by its plain language, requires: "A person is guilty of robbery if the person commits or attempts to commit theft and at the time of the person's actions. . . [t]he actor is armed with a dangerous weapon in the course of *a robbery as defined in paragraphs A through D* or knows that the accomplice is so armed."  (Emphasis added.)

C.    Propriety of the Robbery Instructions

[¶16]  Asante is correct that the use of the word "or" in the jury instruction makes it possible that the jury found him guilty of robbery based solely on findings that he committed a theft and, at the time of that theft, was armed with a dangerous weapon or knew that an accomplice was so armed.  A

conviction on this basis would lack a finding of the required element that Asante or his accomplice intentionally inflicted or attempted to inflict bodily injury on the victim at the time of the theft. *See id.* § 651(1)(D), (E). The instructions on the elements of robbery, therefore, made it possible that the jury reached "a verdict based on impermissible criteria" by finding guilt based on instructed elements that would satisfy neither paragraph D nor paragraph E. *Delano*, 2015 ME 18, ¶ 13, 111 A.3d 648 (quotation marks omitted).

D.      Propriety of the Self-Defense Instruction on the Murder Charge

[¶17]  The error in the robbery instruction also affects the judgment of conviction of murder because the court instructed the jury, pursuant to *State v. Bradley*, 521 A.2d 289, 290-91 (Me. 1987), that "if the State proves beyond a reasonable doubt that Mr. Asante is guilty either personally or as an accomplice of the offense of robbery . . . then the State has successfully met its burden of proving beyond a reasonable doubt that deadly force was not used in self-defense and the defense is not available." *See also State v. Ouellette*, 2012 ME 11, ¶ 17, 37 A.3d 921 ("It is the State's burden to both disprove self-defense beyond a reasonable doubt and prove each element of the crime charged beyond a reasonable doubt.  If the jury finds that the State disproved at least one element of self-defense, the jury may then convict the defendant if it also

finds, beyond a reasonable doubt, that the defendant committed each element of the crime." (citations omitted)). Without a proper instruction requiring a finding that bodily injury was inflicted "at the time of" the theft, 17-A M.R.S. § 651(1), there is a possibility that the jury found that the State had disproved that Asante acted in self-defense by proving only that Asante was armed with a dangerous weapon, or knew that his accomplice was so armed, at the time of the theft.

[¶18] If the jury *had* received accurate instructions on robbery, the self-defense instruction would have been proper. Because the self-defense justification "is designed to afford protection to one beset by an aggressor and confronted by necessity not of his own making," *Ouellette*, 2012 ME 11, ¶ 9, 37 A.3d 921 (quotation marks omitted), "[a] person is not justified in using deadly force to defend himself from the use of such force by another unless the other's use of force is *unlawful*," *Bradley*, 521 A.2d at 290 (emphasis added). Here, the victim's use of force was *lawful* if he was justifiably defending himself against a robbery. *See* 17-A M.R.S. § 108(2)(A)(2) (2020). Specifically, the victim was "justified in using deadly force upon another person" if he "reasonably believe[d] it necessary and reasonably believe[d] such other person [was] . . . [c]ommitting or about to commit a . . . robbery" against him.

12

*Id.* "Deadly force" includes "intentionally, knowingly or recklessly discharging a firearm in the direction of another person." 17-A M.R.S. § 2(8) (2020).

[¶19] "Since section 108(2)(A)(2) makes lawful the reasonable use of deadly force against another person 'committing or about to commit a . . . robbery,' self-defense is not available to a person committing or about to commit a robbery." *Bradley*, 521 A.2d at 291 (quoting 17-A M.R.S. § 108(2)(A)(2)). "When committing or attempting to commit a particular crime may be resisted with deadly force, the self-defense issue is negated when the jury determines that such a crime has been committed by the person seeking to invoke a self-defense justification." Alexander, *Maine Jury Instruction Manual* § 6-55 at 6-107 (2019-2020 ed. 2019) (citing *Bradley*, 521 A.2d 289).

[¶20] If the jury had received proper instructions, the jury could not have convicted Asante of robbery pursuant to section 651(1)(D) or (E) unless it found that he or his accomplice, "at the time of" the theft or attempted theft, intentionally inflicted bodily injury or attempted to inflict bodily injury. *Id.* § 651(1)(D); *see* 17-A M.R.S. § 57(3)(A) (2020);[4] *see also State v. Solomon*, 2015

---

[4] "A person is an accomplice of another person in the commission of a crime if . . . [w]ith the intent of promoting or facilitating the commission of the crime, the person solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of the person's conduct." 17-A M.R.S. § 57(3)(A) (2020).

ME 96, ¶ 9, 120 A.3d 661 ("We construe the statute defining an offense de novo to determine what elements constitute the crime. When interpreting a statute de novo, we first examine the plain meaning of the statutory language." (citation omitted) (quotation marks omitted)). Thus, if the elements of robbery had been stated accurately, and the jury had found Asante guilty of robbery as charged in the indictment beyond a reasonable doubt—meaning that the State had proved that Asante or an accomplice injured or attempted to injure the victim at the time of the theft—the State would have, as the court instructed, "met its burden of proving beyond a reasonable doubt that deadly force was not used in self-defense." *See Ouellette*, 2012 ME 11, ¶ 17, 37 A.3d 921; *Bradley*, 521 A.2d at 290-91.

[¶21] Here, however, because the court provided instructions that permitted the jury to find Asante guilty of robbery without a finding that he or an accomplice inflicted or attempted to inflict bodily injury on the victim at the time of the theft, the self-defense instruction was inaccurate. The court instructed the jury that if it found that Asante had committed robbery, that finding would disprove self-defense, but the court's instructions on robbery permitted conviction in the absence of an element that was necessary to disprove self-defense.

### III. CONCLUSION

[¶22]  The instructions on the elements of robbery and the instructions on self-defense create the "possibility of jury confusion and a verdict based on impermissible criteria."  *Delano*, 2015 ME 18, ¶ 13, 111 A.3d 648 (quotation marks omitted).  The error here is plain and affects Asante's substantial rights.  *See Pabon*, 2011 ME 100, ¶ 29, 28 A.3d 1147.  Because we further conclude that the error seriously affects the fairness and integrity of the proceedings and may have affected the verdicts, we vacate the judgments of conviction of murder and robbery.  *See id.*; *see also State v. Cote*, 462 A.2d 487, 490 (Me. 1983).

The entry is:

> Judgments vacated.  Remanded to the trial court
> for a new trial.

---

Rory A. McNamara, Esq. (orally), Drake Law, Berwick, for appellant Marcus Asante

Aaron M. Frey, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2016-30637
FOR CLERK REFERENCE ONLY