MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 24
Docket:        Aro-22-2
Argued:        November 2, 2022
Decided:       April 6, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

# STATE OF MAINE

v.

# MARCUS ASANTE

MEAD, J.

[¶1]  Marcus Asante appeals from a judgment of conviction of murder, 17-A M.R.S. § 201(1)(A) (2023), and robbery (Class A), 17-A M.R.S. § 651(1)(E) (2023), entered by the trial court (Aroostook County, *Stewart, J.*) following a jury trial.  Asante contends that the thirty-five-year sentence imposed for intentional or knowing murder violated his constitutional right to a punishment proportioned to the offense and that the court erred by failing to give a full self-defense jury instruction.  We disagree and affirm the judgment and the sentence.

## I. FACTS

[¶2] Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt. *See State v. Coleman*, 2019 ME 170, ¶ 30, 221 A.3d 932.

[¶3] In October 2016, the victim's cousin, Orion Ludwick, arranged a drug deal in which Asante was to purchase several pounds of marijuana from the victim for $20,000. However, Asante asked his friend Darin Goulding to accompany Asante and Ludwick to "be the muscle" because they were going to "rob somebody for some weed." Ludwick offered marijuana to his co-worker Tiffany Manuel and Manuel's boyfriend, Bartholomew Biddle, in exchange for them to drive Ludwick, Asante, and Goulding to Maine in Manuel's car.

[¶4] In the early morning hours of October 16, 2016, the group of five—Ludwick, Asante, Goulding, Manuel, and Biddle—left Massachusetts and met the victim at a gas station in Sherman. The group then followed the victim to an abandoned house where Ludwick, Asante, and Goulding saw the victim with a firearm. The group left after seeing the firearm but eventually decided to turn around. The group again met the victim at the gas station in Sherman, where Ludwick, Asante, and Goulding got into the victim's vehicle. The four

individuals in the victim's car, followed by Manuel and Biddle in Manuel's car, then traveled to a rural dirt road.

[¶5]  Once at the end of the dirt road, the victim put the bag of marijuana on the center console for the other three to inspect, and a discussion regarding its quality and quantity ensued.  Ludwick, sitting in the front passenger seat, grabbed the bag and attempted to leave.  The victim, saying nothing, locked the doors and pulled out a gun.  Asante, sitting in the backseat directly behind the victim, pulled out a gun and shot the victim nine times, killing him.  Ludwick then took the marijuana and, together with Asante and Goulding, went back to Manuel's car and returned to Massachusetts.

[¶6]  Marijuana taken from the victim was later recovered from each of the other five individuals.  The firearm that killed the victim was recovered from Asante's apartment, and he was found in possession of matching shell casings.  The cash that Asante allegedly had to complete the deal with the victim was never recovered.

[¶7]  On November 10, 2016, Asante was charged by indictment with murder, 17-A M.R.S. § 201(1)(A), and robbery (Class A), 17-A M.R.S. § 651(1)(D), (E), of the same victim.  Asante pleaded not guilty.  After a six-day jury trial, Asante was convicted of both charges.  *State v. Asante*, 2020 ME 90,

4

¶¶ 5, 8, 236 A.3d 464. Due to an error in the jury instruction related to the robbery charge, we vacated the judgment and remanded for a new trial. *Id.* ¶ 22.

[¶8] On remand, the court held a new trial and the jury again returned a guilty verdict on both charges. The court sentenced Asante to thirty-five years for the murder conviction and twenty years for the robbery conviction, to be served concurrently. Asante timely appealed.

## II. DISCUSSION

[¶9] Asante asserts two errors. The first is that the court erred in sentencing him to thirty-five years for murder when his conduct was identical to that of felony murder, which carries a maximum penalty of thirty years, and that this error is a violation of Asante's constitutional right to receive a punishment proportional to his offense.[1] The second is that the court erred by giving only a partial self-defense jury instruction.

## A. Punishment Proportional to Offense

[¶10] We note, as an initial matter, that this is an appeal from a conviction and is not a review of a sentence pursuant to 15 M.R.S. §§ 2151-2157 (2023). In an appeal from a conviction, a challenge to the sentence "is properly

---

[1] Asante does not appeal the twenty-year sentence for robbery.

before us only if a defendant identifies an illegality, such as a constitutional or statutory violation, that is apparent from the record[,]" *State v. Plante*, 2018 ME 61, ¶ 6, 184 A.3d 873 (footnote omitted), and "we are limited to reviewing only the legality, and not the propriety, of sentences imposed by the trial court[,]" *State v. Bennett*, 2015 ME 46, ¶ 14, 114 A.3d 994 (quotation marks omitted).

[¶11]  Asante argues that the jury may have convicted him under an accomplice theory with robbery as the primary crime and murder as the secondary crime, conduct that would constitute felony murder, which carries a maximum penalty of thirty years.  Arguing that the accomplice theory of murder and felony murder are identical and overlapping statutes, he claims that his punishment—thirty-five years—for identical conduct as that punishable as felony murder violates the constitutional requirement that a punishment be proportionate to the crime committed.  *See* Me. Const. art. I, § 9.

[¶12]  "[W]e have established a two-part test to determine whether a sentence violates article I, section 9."  *State v. Lopez*, 2018 ME 59, ¶ 15, 184 A.3d 880.  "First, we look to see whether a particular sentence is greatly disproportionate to the offense for which it is imposed[,]" and "[s]econd, if it is not greatly disproportionate, we examine whether it offends prevailing notions

of decency." *Id.* (quotation marks omitted). "[O]nly the most extreme punishment decided upon by the Legislature as appropriate for an offense could so offend or shock the collective conscience of the people of Maine as to be unconstitutionally disproportionate, or cruel and unusual." *State v. Hoover*, 2017 ME 158, ¶ 26, 169 A.3d 904 (quotation marks omitted).

[¶13]  We "must begin by comparing the gravity of the offense and the severity of the sentence." *Lopez*, 2018 ME 59, ¶ 16, 184 A.3d 880 (quotation marks omitted). "We have previously compared a defendant's offense to his sentence by (1) evaluating where that defendant's term of imprisonment fell within the range of incarceration time authorized by the Legislature; and (2) considering the facts of a case in conjunction with the commonly accepted goals of punishment." *Id.* (quotation marks and citations omitted).

[¶14]  A defendant's guilt "as an accomplice to the crime of [m]urder committed by another person . . . may resemble guilt for the offense of [f]elony murder . . . particularly because in each instance the guilt arises from a common element [of] homicide committed by another person . . . ." *State v. Kimball*, 424 A.2d 684, 692 (Me. 1981) (quotation marks omitted). "[T]here is nevertheless a critical difference between accomplice guilt . . . and guilt of the separate and distinct offense of felony murder[,] . . . [and the] critical difference

relates to the nature of the homicide committed." *Id*. (emphasis and quotation marks omitted). Felony murder involves a death that is a reasonably foreseeable consequence of, *inter alia*, robbery. 17-A M.R.S. § 202 (2023). Murder requires proof of intentionally or knowingly causing the death of another human being. 17-A M.R.S. § 201 (1)(A). "A person is an accomplice . . . to any crime the commission of which was a reasonably foreseeable consequence of the person's conduct." 17-A M.R.S. § 57(3)(A) (2023). "Accomplice and principal liability are alternate means for the commission of a single crime." *State v. Ringuette*, 2022 ME 61, ¶ 11, 288 A.3d 393 (quotation marks omitted).

[¶15] Asante argues that because he claimed self-defense, there is no longer a critical difference between the two offenses. He further asserts that "jurors were permitted to return a guilty verdict on the murder count so long as they found that there was a robbery."

[¶16] A claim of self-defense does not change the substantive difference between the crimes of murder and felony murder, and the resultant sentences authorized for those offenses. We have held that "[s]o long as the accomplice intended to promote the primary crime, and the commission of the secondary crime was a foreseeable consequence of the accomplice's participation in the

primary crime, no further evidence of the accomplice's subjective state of mind as to the secondary crime is required." *State v. Linscott*, 520 A.2d 1067, 1070 (Me. 1987). A claim of self-defense by a defendant does not change the elements of the crime committed. As such, there is no fundamental unfairness or disproportionate scheme for sentencing purposes between felony murder and murder premised on a theory of accomplice liability.

[¶17] Contrary to Asante's assertion, the court did not violate his constitutional rights to a sentence proportional to his offense when it imposed a thirty-five-year sentence. The jury found Asante guilty of murder, not felony murder, and the punishment imposed for that crime is not unfair or disproportionate.

**B.    Self-Defense Jury Instruction**

[¶18] Asante argues the court erred in neglecting to give a complete self-defense instruction pursuant to 17-A M.R.S. § 108(2)(A)(2) (2023). Asante did request a self-defense jury instruction—and the court gave one. The court instructed the jury on self-defense as follows:

> Maine law provides that, [a] person is justified in using deadly force upon another person when the person reasonably believes it necessary and reasonably believes that such other person is about to use unlawful, deadly force against the person or a third person.

*See* 17-A M.R.S. § 108(2)(A)(1).  On appeal, Asante argues that the remainder of the section 108(2)(A) self-defense instruction should have been included.  The allegedly missing instruction is based on a statute that provides:

> A person is justified in using deadly force upon another person [w]hen the person reasonably believes it necessary and reasonably believes such other person is . . . [c]ommitting or about to commit a . . . robbery . . . against the person or a [third] person.

17-A M.R.S. § 108(2)(A)(2).  Asante did not object to the instructions given, nor did he request the section 108(2)(A)(2) instruction.  Accordingly, we review for obvious error.  *See State v. Carey*, 2013 ME 83, ¶ 16, 77 A.3d 471; M.R.U. Crim. P. 52(b).

[¶19]  "We have characterized obvious error as a seriously prejudicial error tending to produce manifest injustice." *State v. Pabon*, 2011 ME 100, ¶ 18, 28 A.3d 1147 (quotation marks omitted).  An error is obvious if there is "(1) an error, (2) that is plain, and (3) that affects substantial rights.  If these conditions are met, we will exercise our discretion to notice an unpreserved error only if we also conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings."  *Id.* ¶ 29.  "A self-defense instruction is generated if the evidence, viewed in a light most favorable to the defendant with all reasonable inferences resolved in the defendant's favor, is of such nature and quality to render the existence of all facts constituting the

defense a reasonable hypothesis for the fact finder to entertain." *State v. Delano*, 2015 ME 18, ¶ 25, 111 A.3d 648 (quotation marks omitted).

[¶20]  To generate the self-defense instruction Asante now claims the trial court should have given, the evidence would have to have shown that the victim was committing or about to commit a robbery against him, Ludwick, or Goulding that would justify Asante's use of deadly force.[2]  However, even viewing the evidence in the light most favorable to Asante, the evidence does not warrant the giving of the instruction that Asante now claims was necessary.

[¶21]  Asante testified at trial that the arrangement with the victim was a drug buy for $20,000.  The victim told Ludwick and another associate that he needed the money and insisted that the deal be completed—which is why the group turned around after initially leaving.  Just prior to the shooting, Ludwick attempted to steal the marijuana from the victim and flee.[3]  Immediately after Ludwick's misappropriation of the marijuana, the victim locked the car doors

---

[2]  It is worth noting that Asante did not claim that he shot the victim in self-defense, rather he testified it was Goulding who shot the victim.

[3]  No terms had been agreed upon and no money had been tendered at the time Ludwick took possession of the marijuana and attempted to exit the vehicle.

and pulled out a gun. The victim never spoke or otherwise suggested he was going to rob Asante or the group of the money.[4]

[¶22] Further, "self-defense is not available to a person committing or about to commit a robbery." *State v. Bradley*, 521 A.2d 289, 291 (Me. 1987). Asante's conviction on the charge of robbing the victim forecloses his claim of self-defense. Based on the evidence before it, the jury would have been justified in finding that Asante planned the event as a robbery when he asked Goulding to participate and told him of the robbery plan. Ludwick, Asante's accomplice, commenced the planned robbery when he grabbed the bag of marijuana and attempted to flee.

[¶23] On this record, viewing the evidence in the light most favorable to Asante, the court did not obviously err in failing to provide the jury a section 108(2)(A)(2) self-defense instruction.

The entry is:

Judgment affirmed.

---

[4] The trial court record contains no evidence that anyone was ever in possession of any amount of cash and no cash was ever recovered.

Nicole Milam, Esq., Richardson, Whitman, Large & Badger, Portland, and Rory A. McNamara, Esq. (orally), Drake Law LLC, York, for appellant Marcus Asante

Aaron M. Frey, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2016-30637
FOR CLERK REFERENCE ONLY